William A. NEAL, Appellant,

v.

Crawford A. HOWELL and The City of Rock Hill, S. C., Appellees.

No. 81–1062.

United States Court of Appeals, Fourth Circuit.

Argued May 5, 1982.

Decided Sept. 10, 1982.

Louis L. Lesesne, Jr., Charlotte, N. C. (Gillespie & Lesesne, Charlotte, N. C., on brief), for appellant.

Terry B. Millar, Rock Hill, S. C. (Robert R. Carpenter, Rock Hill, S. C., Roddey, Carpenter & White, P. A., Rock Hill, S. C., on brief), Emil Wald, Rock Hill, S. C. (Spencer & Spencer, Rock Hill, S. C., on brief), for appellees.

Before HALL and ERVIN, Circuit Judges, and HAMILTON,* District Judge.

* Honorable Clyde H. Hamilton, United States District Judge for the District of South Carolina, sitting by designation.

ERVIN, Circuit Judge:

William A. Neal brought this 42 U.S.C. § 1983 action against the City of Rock Hill, South Carolina and Crawford A. Howell, the Chief of the Rock Hill Fire Department, alleging that he had been denied a promotion solely for exercising his first amendment rights. The district court directed a verdict in favor of Chief Howell and the City of Rock Hill. We affirm.

### I.

William A. Neal has been employed with the Rock Hill Fire Department for over seventeen years. He has held the position of driver engineer since 1975. In October 1978 the local firefighters union, of which Neal was president, brought an action against the City of Rock Hill to have declared unconstitutional a rule that prohibited the union from expressing views on employment matters before the city council.[1]

In March 1979, Neal underwent his annual performance appraisal. When Chief Howell reviewed the appraisal he added the comment that "Mr. Neal shows dissatisfaction with the city administration by his recent legal actions against the City of Rock Hill." When Neal subsequently met with Chief Howell to protest inclusion of this comment, Chief Howell refused to remove the remark and allegedly said, "Neal, you ought to have thought about what you done before you done it. You have embarrassed me and the city administration. You have got to be punished for what you done."

During March and April 1979, Neal, along with eleven others, sought a promotion to Captain of the Rock Hill Fire Department. When someone other than Neal was promoted to Captain, Neal brought a 42 U.S.C. § 1983 action against Chief Howell and the City of Rock Hill in which he sought monetary damages and appointment to the next vacant Captain's position. At trial he sought to demonstrate that he was a qualified applicant and that he would have received the promotion but for the comment

in his file and Chief Howell's unlawful motive to punish him for his participation in the litigation against the city. In addition to Chief Howell's alleged comment that Neal had to be punished for his activity, Neal presented evidence showing that he had served competently as substitute captain for extended periods of time during the four years he was a driver engineer and that Chief Howell had acknowledged that Neal would make a good captain.

Defendants denied that Neal's participation in the litigation against the city was a factor in the decision to promote someone other than Neal. Defendants admitted that Neal was qualified but contended that a better qualified applicant had been selected in accordance with a well established promotion procedure that had been in effect since December 1974. At trial, defendants presented evidence of the promotion procedure and adherence to it in the present case.

Under the procedure, each applicant is required initially to take a standardized written examination and two of each applicant's immediate supervisors must submit a promotion evaluation. The scores from each are then combined, after which each applicant is given additional points for seniority. The names of the three applicants with the highest scores then are submitted to Chief Howell.

In the second stage of the promotion process, Chief Howell submits the names of the top three candidates to a five-member panel comprised of his top five staff officers. This panel independently evaluates each candidate in ten categories in accordance with established guidelines and then submits to Chief Howell its recommendation for the vacant position.

Next, Chief Howell considers the qualifications of each candidate, including evaluations, education, and time-in-grade, along with the recommendation of the panel. He then makes his own recommendation to the City Manager. Chief Howell has unfailingly followed the panel recommendation since

1. The rule has since been declared unconstitutional by this court. *See Local 2106, International Association of Firefighters v. City of Rock Hill*, 660 F.2d 97, 100 (4th Cir. 1981).

the adoption of the promotion procedure in 1974.

Finally, the City Manager must approve the recommendation. Although the City Manager never has disapproved a promotion recommendation of the Fire Department, he has disapproved recommendations from other department heads.

In this case, V. J. Adkins, L. A. Donahue, and Neal had the highest scores based on the standardized test, the evaluations, and seniority credit, and their names were submitted to Chief Howell.[2] Chief Howell then submitted the three names to the five-member panel. After the panel evaluated each of the candidates in accordance with established guidelines, it recommended that Donahue be promoted to Captain. All five members affirmatively testified that Neal's participation in the litigation against the city was common knowledge, but that it was not a factor in their deliberations or evaluation of Neal. The two members who were aware of the comment placed in Neal's file by Chief Howell regarding Neal's participation in the litigation testified that the comment was not mentioned at the panel meeting and that it was not a factor in their personal evaluations of Neal. Further, there was no evidence to show that any panel member was aware of Chief Howell's alleged negative feelings toward Neal.

Chief Howell adopted the panel's recommendation and submitted Donahue's name to the City Manager for approval. Chief Howell testified that he did not consider Neal's participation in the litigation against the city and that his decision to recommend Donahue for Captain was based on: 1) the candidates' relative time in grade; 2) evaluations for the years 1976–1979; 3) the fact that only Donahue had an associate degree in fire science; 4) divine guidance; and,

most importantly 5) the recommendation of the panel. Chief Howell testified that he would not reject a recommendation from the panel unless his reasons for rejecting a recommendation outweighed the panel's reasons for making the recommendation.

After the announcement was made that Donahue had been promoted to Captain, Neal filed a grievance, at the suggestion of the City Manager, with a Grievance Committee comprised of employees on a peer level with Neal. At the hearing, Neal informed the committee of the comment Chief Howell had placed in Neal's file and argued that the comment had a direct bearing on his failure to receive the promotion. After finding that Neal's participation in the litigation against the city did not bear on the promotion decision and that a more qualified fireman had received the promotion, the committee recommended to the City Manager that the promotion stand. The City Manager testified that he reviewed the report of the Grievance Committee, agreed that the most qualified individual had received the promotion, and then affirmed the promotion decision. Only then did the promotion become final.

At the close of the evidence, the district court directed a verdict in favor of the City of Rock Hill, finding that Neal had failed to demonstrate that the alleged wrongful conduct was the result of any policy or custom of the city. The court also directed a verdict in favor of Chief Howell,[3] finding that Neal had failed to establish that his exercise of first amendment rights was a substantial or motivating factor in Chief Howell's recommendation to promote someone other than Neal. The court found further that even if Neal had established that his protected conduct was a factor in Chief Howell's recommendation, the only reasonable inference that could be drawn from the

2. For the years 1978 and 1979, Adkins had the highest combined score and Neal had the lowest. The scores were as follows: Adkins, 1978 308, 1979 339; Donahue, 1978–316, 1979 316; and Neal, 1978 ·300, 1979–308. Neal would not have been among the top three candidates but for the large number of seniority credit points he received.

3. Chief Howell moved for a directed verdict at the close of the evidence. The court reserved ruling on his motion, however, and submitted the case to the jury. A mistrial was declared when the jury was unable to reach a decision, after which Chief Howell renewed his motion for a directed verdict, which was granted by the district court.

evidence was that the same promotion decision would have been reached regardless of Neal's first amendment activities.

Neal contends that the district court improperly directed a verdict in favor of Chief Howell because there was evidence to support a jury finding that his decision not to promote Neal was unconstitutionally motivated by the desire to punish Neal for his participation in the litigation against the city. Specifically, Neal argues that he put on direct evidence to show that only one month before he applied for the promotion, Chief Howell insisted on making a notation regarding Neal's participation in the litigation and later refused to remove the comment, stating that Neal had to be punished for his conduct. Neal also contends that the district court improperly directed a verdict for the City of Rock Hill because there was sufficient evidence to show that the city had delegated the final authority for the promotion decision to Chief Howell and that the city, therefore, was liable for Chief Howell's unconstitutional act. Specifically, Neal argues that he put on evidence to show that the City Manager does not conduct an independent review of the recommendation and that the City Manager never has overruled a promotion decision by Chief Howell.

## II.

In order to prevail in the present 42 U.S.C. § 1983 action, Neal had the burden of proving to the jury that his participation in the litigation against the city was a "substantial" or "motivating" factor in the decision not to promote him to the position of Captain. *Mt. Healthy City Board of Educ. v. Doyle*, 429 U.S. 274, 287, 97 S.Ct. 568, 576, 50 L.Ed.2d 471 (1977). Even if Neal carried this burden, however, he was not entitled to recover if the defendants could demonstrate, by a preponderance of the evidence, that the same decision would

have been reached regardless of the protected conduct. *Id.* at 285–287, 97 S.Ct. at 575–576. Thus, the verdicts directed in favor of Chief Howell and the City of Rock Hill must be affirmed either if Neal failed to introduce evidence sufficient to show that his participation in the litigation against the city was a substantial or motivating factor in the decision to promote someone other than Neal to the position of Captain or if the defendants presented sufficient evidence, when viewed in the light most favorable to Neal, to establish that the same promotion decision would have been reached regardless of the protected conduct.

■ A district court properly may direct a verdict even though some evidence supports the opposite position if " 'there are no controverted issues of fact upon which reasonable minds could differ.' " *Kim v. Coppin State College*, 662 F.2d 1055, 1059, (4th Cir. 1981) (quoting *Pogue v. Retail Credit Co.*, 453 F.2d 336, 338 (4th Cir. 1972), *cert. denied*, 409 U.S. 1109, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973)). We have reviewed the record and considered Neal's contentions and hold that a reasonable juror could not have failed to conclude from the evidence at trial that Donahue would have been promoted to Captain even if Neal had not participated in the litigation against the city.[4]

The defendants demonstrated at trial that Neal initially would not have been among the top three candidates but for the above average number of seniority credits he received. As it was, Neal had the lowest combined score of the three candidates for the years 1978 and 1979.

After the names of the top three candidates were submitted to the five-member panel, the panel independently evaluated each candidate in established categories utilizing a scale of zero to ten, compiled these scores, and then recommended Donahue,

---

4. Thus, the issues whether Chief Howell's alleged desire to punish Neal for exercising his first amendment rights was a "substantial or motivating factor" in his decision not to recommend Neal for Captain and whether the city would be liable for Chief Howell's alleged un-

constitutional conduct are not relevant to the outcome of this case. The only reasonable inference that can be drawn from the evidence is that someone other than Neal would have been promoted even if Neal had not exercised his first amendment rights.

the individual with the highest score, to Chief Howell. Neal did not contend, nor was there any evidence at trial to suggest, that the panel considered Neal's participation in the litigation against the city or the comment relating to the litigation placed in Neal's file by Chief Howell. Indeed, all five members affirmatively testified that the comment and Neal's participation in the litigation was not considered, or even mentioned, during the panel deliberations.

Chief Howell testified that although he always independently considered the qualifications of each candidate before making a recommendation to the City Manager, he never had rejected a recommendation from the panel and would do so only if he had reasons for the rejection that outweighed the panel's reasons for the recommendation. Thus, it is reasonable to infer that even if Neal had not participated in the litigation against the city, Chief Howell would have recommended Donahue, the individual proposed by the panel, for Captain.[5]

Finally, the promotion of Donahue to Captain was not officially finalized by the City Manager until after Neal's grievance was heard by the Grievance Committee. The committee considered Neal's claim that he had not received the promotion because of his participation in the litigation against the city. The committee found that Neal's participation in the litigation against the city was not a factor in the promotion decision and issued a report to the city affirming the promotion of Donahue. The City Manager reviewed the report and only then finalized the promotion.[6]

Neal did not offer any evidence at trial to challenge defendant's evidence regarding the established promotion procedure and compliance with it in this case. Indeed, Neal admits that Donahue is qualified for the position of Captain. Neal contends, nonetheless, that the case should have gone to the jury because he presented evidence that Chief Howell placed the allegedly damaging comment on Neal's record and allegedly stated that Neal had to be punished for participating in the litigation against the city.

■ We disagree. Defendants' uncontradicted evidence regarding the established promotion procedure, including evidence that Chief Howell always has followed the recommendation of the panel and that the City Manager finalized the promotion only after independent review of the committee report, demonstrates that any connection between Chief Howell's alleged motive to punish Neal for exercising his first amendment rights and the fact that Donahue rather than Neal was promoted to Captain is so " 'attenuated as to dissipate the taint.' " *Mt. Healthy City Board of Educ.,* 429 U.S. 274, 286, 97 S.Ct. 568, 575, 50 L.Ed.2d 471 (1977) (quoting *Nardone v. United States,* 308 U.S. 338, 341, 60 S.Ct. 266, 267, 84 L.Ed. 307 (1939)).

### III.

We find that the only reasonable conclusion that could have been reached from the evidence is that someone other than Neal would have been promoted even if Neal had not participated in the litigation against the city. Accordingly, we hold that the district

---

5. Furthermore, the Supreme Court recognized in *Mt. Healthy City Board of Education v. Doyle,* 429 U.S. 274, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977), that a "candidate ought not to be able, by engaging in [constitutionally protected] conduct, to prevent his employer from assessing his performance record and reaching a decision not to rehire on the basis of that record, simply because the protected conduct makes the employer more certain of the correctness of its decision." *Id.* at 286, 97 S.Ct. at 575.

6. That the City Manager did not finalize the promotion until he had reviewed the committee

report and independently approved the promotion, clearly undercuts Neal's argument that Chief Howell actually had ultimate authority for promotion decisions and that the City Manager merely "rubber stamps" promotions. Neal contends that this is evident from the fact that the City Manager never has rejected a recommendation from Chief Howell. In light of the fact that Chief Howell never has rejected a recommendation of the panel, we note that such reasoning also leads to the conclusion that Chief Howell merely "rubber stamps" promotions.

court properly directed a verdict for both Chief Howell and the City of Rock Hill.

AFFIRMED.