717 F.2d 929
 LOTZ REALTY CO., INC. and Paul K. Lotz, Appellees,
v.
UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT;
Mr. William J. Pelle, Jr.; Virginia Real Estate
Commission; Richard C. Kast, Defendants,
and
Anti-Defamation League and Norman Olshansky, Appellants.
 No. 82-1700.
 United States Court of Appeals,
Fourth Circuit.
 Argued Feb. 10, 1983.
Decided Sept. 19, 1983.
 
 Paul M. Lipkin, Norfolk, Va. (Goldblatt, Lipkin, Cohen, Anderson, Jenkins & Legum, P.C., Norfolk, Va., on brief), for appellants.
 Sidney H. Kirstein, Lynchburg, Pa. (McRorie, Kirstein & McMahon, Lynchburg, Va., on brief), for appellees.
 Before SPROUSE and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 BUTZNER, Senior Circuit Judge:
 
 
 1
 The Anti-Defamation League and its regional director (collectively, the League) appeal from a decision of the district court denying them attorney's fees against Lotz Realty Company, Inc., and Paul K. Lotz. We hold that the League was the prevailing party in the proceeding before the district court and, as such, is entitled to a hearing on its motion for fees.
 
 
 2
 * The League was named as a defendant in a suit that arose out of Lotz's use of Christian images and slogans in its real estate advertising. After receiving a protest about this practice, the League filed a complaint with the Department of Housing and Urban Development and the Virginia Real Estate Commission. The complaint was filed under the Fair Housing Act, 42 U.S.C. Sec. 3604(c) (1977), and the Virginia Fair Housing Law, Va.Code Ann. Sec. 36-88 (1976 & Cum.Supp.1983), both of which proscribe housing discrimination based upon religion.
 
 
 3
 Both the Department and the Commission, after separate investigations, found reasonable cause to believe that Lotz's advertising did violate the law guaranteeing fair housing. The Department and the Commission arranged a conciliation meeting with Lotz to which the League, as the complaining party, was invited. At the conciliation meeting, Lotz, while agreeing to modify its use of Christian symbols and slogans, refused to eliminate them entirely. The Department, the Commission, and the League, all rejected the proposed modifications. The conciliation meeting ended with an "understanding" that a proposed agreement would be submitted to Lotz. At the request of the Department and the Commission, counsel for the League prepared the proposed agreement, and it was given to Lotz. Without awaiting final agency action, Lotz filed suit in federal district court.
 
 
 4
 Lotz's complaint contained two counts. The first count was directed against the Department, the Commission, and the League. In it Lotz requested a declaration that the use of Christian slogans and symbols and slogans was protected speech within the first amendment, injunctive relief against further complaints and administrative proceedings, and an award of costs and attorney's fees. Jurisdiction for this count was based on 28 U.S.C. Sec. 1331 and pendent jurisdiction. Count II was brought under 42 U.S.C. Sec. 1983 and charged the Commission and the League with conspiring to deprive Lotz of his constitutional rights under the color of state law. It requested a declaratory judgment that the symbolism was constitutionally protected, an injunction preventing the Commission and the League "from threatening or bringing further complaints or administrative proceedings," and an award of costs and attorney's fees.
 
 
 5
 Prior to trial, the Department was dismissed as a defendant under Count I because its administrative decision was not yet "ripe" for judicial review. After trial, the district court dismissed the Sec. 1983 claim against the Commission and the League. Consequently, Count II was dismissed. The district court then abstained from deciding Count I and dismissed Lotz's complaint.
 
 
 6
 The League moved for attorney's fees under 42 U.S.C. Sec. 1988. The district court denied the motion on alternate grounds. First, it held that the Sec. 1983 claim was subordinate to the declaratory judgment action under the Administrative Procedure Act and Sec. 1331. Because Count I was not decided on its merits, but rather was dismissed because of prudential considerations, the court held that the League was not a prevailing party. The court also noted that it did not have enough information to determine the propriety or amount of such an award. The League now appeals.
 
 II
 
 7
 A review of the cases under Sec. 1988 reveals certain principles concerning the award of attorney's fees in a civil rights action. First, it is clear that defendants as well as plaintiffs are entitled to an award of fees. The language of the statute does not distinguish between plaintiffs and defendants, stating only that "prevailing parties" may receive a reasonable attorney's fee. See Hughes v. Rowe, 449 U.S. 5, 14, 101 S.Ct. 173, 178, 66 L.Ed.2d 163 (1980); Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 421-22, 98 S.Ct. 694, 700, 54 L.Ed.2d 648 (1978). Second, to be a prevailing party under Sec. 1988, a party "need not prevail on all issues if a significant one is resolved" in its favor. Bonnes v. Long, 599 F.2d 1316, 1318 (4th Cir.1979). See Hanrahan v. Hampton, 446 U.S. 754, 758, 100 S.Ct. 1987, 1989, 64 L.Ed.2d 670 (1980); Nadeau v. Helgemoe, 581 F.2d 275, 278-79 (1st Cir.1978). Finally, the standard for deciding a defendant's motion for attorney's fees is different from that used when a plaintiff has made the motion. For a defendant to succeed, he must show that the plaintiff's claim "was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." Christiansburg, 434 U.S. at 422, 98 S.Ct. at 701. See Hughes, 449 U.S. at 14, 101 S.Ct. at 178.
 
 III
 
 8
 Here it is clear that the League was the prevailing party on Lotz's Sec. 1983 claim. The district court stated explicitly that "there can be no liability on defendants under the facts of this case." Consequently, it denied the injunctive relief that Lotz was seeking against the League. Prevailing on this issue alone would, under Bonnes, be enough to characterize the League as the prevailing party for the purposes of a motion under Sec. 1988.
 
 
 9
 Moreover, it is clear that even accepting the district court's characterization of Lotz's suit as one mainly for declaratory relief, the League was simply not a party to the action in Count I which requested that relief. The declaratory judgment count centered on the dispute between Lotz and the Department and the Commission over the applicability of the first amendment to Lotz's advertising in the context of federal and state fair housing acts. The League's only connection to this dispute was as a complaining party. The League is not charged with conciliation under the acts, and it does not have the authority to prosecute violations of the act. Its only role under the acts is that given to any private citizen--namely, to bring a complaint of discrimination under 42 U.S.C. Sec. 3610(a) and Va.Code Ann. Sec. 36-94.
 
 
 10
 We note also that Count I is jurisdictionally defective with respect to the League. Count I was premised on the Declaratory Judgment Act, the Administrative Procedure Act, and general federal question jurisdiction. In the context of general federal questions, it is difficult to see how the League, a wholly private party with no enforcement or investigative powers, can under these circumstances be a defendant under Sec. 1331. Counsel for Lotz, recognizing this fact, attempted to use the declaratory judgment act, 28 U.S.C. Sec. 2201, as the jurisdictional base upon which the League could be sued. Jurisdiction, however, cannot be rested on the Declaratory Judgment Act. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671-72, 70 S.Ct. 876, 879, 94 L.Ed. 1194 (1950).
 
 
 11
 Consequently, it is clear that in all aspects of the case with which it was involved, the League was the prevailing party.
 
 IV
 
 12
 On remand the district court should determine whether the League is entitled to an award of fees under the standards of Christiansburg. In deciding whether Lotz's action was "frivolous, unreasonable, or without foundation," subjective intent is irrelevant. Christiansburg, 434 U.S. at 421, 98 S.Ct. at 700. Instead, the district court should examine the suit against the background of the law at the time of filing and the facts then known to Lotz. It should also take into consideration the League's involvement in the suit as only a private citizen exercising a statutory right in good faith. Moreover, the district court should consider not only the deterrent effect of such an award against Lotz and other future claimants but also the chilling effect that no award may have on future potential complainants under the federal and state fair housing acts. Here the court should take into consideration the League's unique position as a private attorney general who asserted the rights of the public against an arguable act of discrimination.
 
 
 13
 Should the district court find that the League is indeed entitled to an award of attorney's fees, such an award should cover all stages of litigation, including this appeal. The award, of course, must be based upon reasonable fees proven by the League. See Anderson v. Morris, 658 F.2d 246, 248-49 (4th Cir.1981).
 
 
 14
 VACATED AND REMANDED.