Robert R. **FULLER**, Plaintiff,

v.

**ANHEUSER–BUSCH, INC.**, Defendant.

No. C–C–83–866–P.

United States District Court,
W.D. North Carolina,
Charlotte Division.

Sept. 18, 1985.

Jonathan Wallas, Chambers, Ferguson, Watt, Wallas, Adkins & Fuller, Charlotte, N.C., for plaintiff.

George R. Hodges, Moore, Van Allen, Allen & Thigpen, Charlotte, N.C., for defendant.

## ORDER

ROBERT D. POTTER, Chief Judge.

**THIS MATTER** is before the Court on a letter from Plaintiff's attorney received September 3, 1985, requesting until September 10, 1985 to respond to Defendant's Motion to Amend the Judgment to more fully support the Court's award of attorneys' fees to the Defendant.

The Court filed an Amended Memorandum of Decision on August 30, 1985 which contained an additional finding of fact that "Plaintiff's action is frivolous, unreasonable, and without foundation." This finding was added to the Court's decision to more fully support the Court's award of attorneys' fees to the Defendant.

To allow Plaintiff more time for responding to Defendant's Motion to Amend and the Court more time to consider the same, the Court stayed its Judgment in this cause by an Order dated September 5, 1985.

The standard for awarding attorneys' fees to a prevailing defendant in a Title VII case is whether the "plaintiff's action was frivolous, unreasonable or without foundation." *Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978); *See also, Arnold v. Burger King Corp.*, 719 F.2d 63 (4th Cir. 1983). The assessment of frivolousness and the award of attorneys' fees is peculiarly within the province of the trial judge. *Id.* at 65. However, the fee award should be used sparingly. *Christiansburg, supra* 434 U.S. at 421, 98 S.Ct. at 700. The plaintiff's subjective state for initiating the suit is irrelevant since a plaintiff acting in good faith may nevertheless be assessed fees if his claim is groundless. *Id.*

In determining whether plaintiff's claims are frivolous or groundless, few guidelines exist. However, the Fourth Circuit Court of Appeals in, *Lotz Realty Co., Inc. v. U.S. Dept. of Housing*, 717 F.2d 929 (1983), suggested that the district court judge examine the suit against the background of law and facts at the time the plaintiff filed the suit. Thus, the Court should determine whether, at that time, it could reasonably be said that plaintiff had no evidence to support his claims.

After carefully reviewing the pleadings and record of the instant case, this Court is of the opinion that it cannot reasonably say that, at the time Plaintiff filed this suit, and examined in view of the facts and law existing at that time, there was no evidence to support at least some of his claims.

NOW, THEREFORE, IT IS ORDERED that the Court's Memorandum of Decision, filed August 12, 1985, and the Court's Amended Memorandum of Decision, filed August 30, 1985, be *vacated* to the extent they support an award of attorney's fees to Defendant.

IT IS FURTHER ORDERED that the judgment filed August 12, 1985 be VACATED and that the attached Judgment be filed simultaneously with this Order.