Carll S. BURR, III, et al.

v.

TOWN OF RANGELEY, et al.

Supreme Judicial Court of Maine.

Argued Sept. 22, 1988.
Decided Oct. 21, 1988.

Peter S. Plumb, John C. Bannon (orally), Murray, Plumb & Murray, Portland, for plaintiffs.

Ronald E. Colby, III (orally), Hiscock & Barclay, Augusta, for Town of Rangeley.

Frank M. Underkuffler (orally), Farmington, for intervenors.

Gary C. Wood, Maine Municipal Ass'n, Augusta, amicus curiae.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

WATHEN, Justice.

Plaintiffs Carll S. Burr III and Hawks Head Development Corp., appeal from summary judgments entered in the Superior Court (Franklin County) in favor of defendant, the Town of Rangeley, on their three count complaint. Count I sought judicial review of action taken by the Rangeley Planning Board (the Board) in denying an application for an extension of time to file an approved subdivision plan. Count II sought a declaration either that a building moratorium does not apply to plaintiffs' project or is unconstitutional. The Superior Court (Delahanty, J.) granted summary judgment to Rangeley on both counts.

Count III, a claim under 42 U.S.C. § 1983, sought a declaration that the moratorium is unconstitutional and an award of attorney fees pursuant to 42 U.S.C. § 1988. On this count, the Superior Court (Alexander, J.) granted summary judgment to Rangeley and ordered plaintiffs to pay attorney fees to Rangeley as the prevailing party. We find no error and we affirm the judgments of the Superior Court.

The relevant facts may be briefly summarized as follows: On March 12, 1986 plaintiffs applied to the Board for subdivision approval for a condominium development. On May 28, 1986 the voters of Rangeley adopted a building moratorium with respect to multi-family dwellings.[1] Plaintiffs' application was not affected by the moratorium and on January 14, 1987 plaintiffs obtained final approval of their subdivision plan. The Rangeley subdivision ordinance required that all approved subdivision plans be filed and recorded with the Town Clerk and Register of Deeds. The ordinance specifically provided as follows:

> [A]ny plan not so filed or recorded within (30) days following its approval by the Board shall become null and void. ...
> An extension of time for a period not exceeding one year may be granted by the Board upon application by the developer or his agent.

Article III(f). Plaintiffs mistakenly failed to file their approved plan and requested an extension of time only after the initial thirty day period had expired. The Board denied the request, finding that the approved plan became null and void on the expiration of thirty days. The Board accepted an amended application from plaintiffs but declined to review it because of the moratorium. Plaintiffs filed their complaint and now appeal from the unfavorable action taken by the Superior Court.

■ Plaintiffs first argue that the Board erroneously concluded that it could not grant an extension after the thirty day time limit for filing had expired. The ordinance provides that an approved plan becomes null and void unless filed within thirty days. Although the ordinance permits an extension for up to one year, it does not expressly state whether the request for extension must be made within the thirty day period. On the basis of *Ballard v. City of Westbrook*, 502 A.2d 476, 480 (Me.1985), the Board correctly determined that it is not authorized to extend an approved plan that has become null and void.

■ Next plaintiffs argue that the initial application for subdivision approval remained pending despite the Board's approval, and therefore is unaffected by the subsequently enacted moratorium by virtue of 1 M.R.S.A. § 302 (1979). Plaintiffs contend that the original plan was conditionally approved and subject to continuing municipal review and thus remained pending under the terms of the ordinance. In *Ballard* we held that the term "approval" connotes favorable action. *Id.* Although conditions were attached to the Board's approval in the present case, those conditions were routine in nature and did not suspend the approval of the Board.[2] As we explained in *Ballard,* "[t]he Board approved the plaintiff's application because it acted on the merits" and a provision in the ordinance that allowed the Board to approve an application subject to the issuance of specified state licenses and permits did not negate that approval. *Id.* at 481. Plaintiffs' argument that the amended plan is not a new plan because it simply rearranged one road within the subdivision, is similarly without merit. It is not the nature of the amendment that renders the second plan a "new" plan, but rather the fact that the first approval has been rendered null and void.

1. The moratorium was to remain in effect for twelve months or until the acceptance of a comprehensive plan and ordinance, whichever came first.

2. The approval incorporated the conditions imposed by the Department of Human Services in granting a waiver to the Minimum Lot Size Law. Additionally, the approval provided that no more than ten building permits would issue before certain road improvements were made.

■ Finally, plaintiffs contend that the moratorium was invalid because the procedure employed in adopting the ordinance was defective and because Rangeley failed to demonstrate a valid police power objective for the moratorium. The stipulated record before the Superior Court fails to generate any genuine issue of material fact to support their claim of fatal noncompliance with 30 M.R.S.A. § 4962 (1978 & Supp.1987) in enacting the ordinance. Further, no basis has been demonstrated for overcoming the presumption of constitutional validity that attaches to the enactment of such an ordinance. *Tisei v. Town of Ogunquit,* 491 A.2d 564, 569 (Me.1985). Thus, there was no error in granting summary judgment on Counts I and II.

■ In a tactic that is far too common, plaintiffs repeated their conclusory constitutional claims in a count based on 42 U.S.C. § 1983 and requested an award of attorney fees. The only surviving contention under that third count is the naked allegation that the building moratorium "bears no rational relationship to the protection of the public health, safety, or welfare, and thereby denies Plaintiffs their right to the due process of law." [3] The Superior Court correctly granted a summary judgment in favor of Rangeley on Count III. The Superior Court further concluded that the claim was frivolous and awarded attorney fees to Rangeley pursuant to 42 U.S.C. § 1988.

■ Great care should be exercised by the court in awarding a defendant attorney fees for defending an action brought under section 1983. It is not enough that the plaintiff did not prevail. In order to award a defendant attorney fees, the court must find, as it did in this case, that the plaintiff's claim is "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Company v. E.E.O.C.,* 434 U.S. 412, 422, 98 S.Ct. 694, 701, 54 L.Ed.2d 648 (1978). On the other hand plaintiffs have an obligation to recognize that every unfavorable result before a

planning board does not automatically rise to the level of a constitutional deprivation. *Cf. Chongris v. Board of Appeals of the Town of Andover,* 811 F.2d 36, 42 (1st Cir.1987), *cert. denied,* — U.S. —, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987). ("[T]he mere fact that a municipal board zigged when it should have zagged, without more, will not serve to engage the heavy-duty machinery of the Civil Rights Acts."); *Creative Environments, Inc. v. Estabrook,* 680 F.2d 822, 833 (1st Cir.1982), *cert. denied,* 459 U.S. 989, 103 S.Ct. 345, 74 L.Ed.2d 385 (1982). ("It is not enough simply to give these state law claims constitutional labels such as 'due process' or 'equal protection' in order to raise a substantial federal question under § 1983").

■ Although in the present case we are dealing with a substantive due process challenge, it is a challenge totally lacking in merit. A civil rights claim, with an attendant claim for attorney fees, should not be included in an action seeking judicial review of an administrative decision as a matter of reflexive routine or for the purpose of gaining leverage against the municipality. Neither should it be undertaken, as in this case, solely on the basis of a naked and unsubstantiated allegation of constitutional deprivation. The Superior Court committed no error or abuse of discretion in finding the claim frivolous and in awarding Rangeley attorney fees. We affirm the judgment and remand for the Superior Court to award further reasonable attorney fees for the defense of this appeal as it relates to Count III.

The entry is:

Judgments affirmed.

Remanded to the Superior Court for an award of reasonable attorney fees to Rangeley for the defense of the appeal from the judgment on Count III.

All concurring.

---

**3.** At oral argument plaintiffs abandoned the equal protection claim set forth in Count III. That claim was premised on the illogical assertion that the building moratorium was enacted specifically to preclude development of plaintiffs' property.