879 F.2d 863
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Restoney ROBINSON, Plaintiff-Appellant,
v.
Bruce MARION; Sergeant Martindale; Nurse Marsh,
Defendants-Appellees.
Restoney ROBINSON, Plaintiff-Appellant,
v.
Bruce MARION; Sgt. Martindale; Nurse Marsh, Defendants-Appellees.
 Nos. 88-7752, 89-7525.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 31, 1989.
Decided: July 11, 1989.
 
 Restoney Robinson, appellant pro se.
 Jacob Leonard Safron (Office of the Attorney General of North Carolina), for appellees.
 Before DONALD RUSSELL, JAMES DICKSON PHILLIPS and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 In these consolidated cases Restoney Robinson, a North Carolina inmate, appeals the orders of the district court assessing attorney fees and imposing a prefiling injunction in future cases. We affirm.
 
 
 2
 The appeal in case No. 88-7752 is based on Robinson's letter of August 17 to Judge Dupree.[1] In the August 17 letter Robinson sought a permanent injunction against the prefiling injunction. We deem this motion as solely concerned with the propriety of the orders assessing costs and imposing the injunction, and abandoning any appeal of the order dismissing his 42 U.S.C. Sec. 1983 complaint.[2] Therefore, we only address the propriety of the orders relating to attorney fees and the injunction.
 
 
 3
 Regarding the assessment of attorney fees, we find that the district court acted within its discretion in imposing fees because Robinson's Sec. 1983 claim was "frivolous, unreasonable, or groundless." Lotz Realty Co., Inc. v. U.S. Department of Housing, 717 F.2d 929, 931 (4th Cir.1983). We note that Robinson first claimed that he had not taken, but was threatened with, the TB test at issue and then, at the evidentiary hearing before the magistrate, swore under oath that he had (then) been forced to take the test. We recognize that the assessment of fees against pro se petitioners should be viewed cautiously due to understandable ignorance of subtle legal and/or factual issues, see Hughes v. Rowe, 449 U.S. 5, 15 (1980) (per curiam), but we consider Robinson's error to be a product of intentional efforts to mislead, not confusion. Under these circumstances, the assessment of costs was proper.
 
 
 4
 Likewise, the imposition of a prefiling injunction was proper on the facts presented. It is clear that federal courts have the power and constitutional obligation to issue such injunctions where vexatious conduct hinders the court from fulfilling its constitutional duty. See Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir.1986) (en banc). Of course, a court imposing such an injunction must be careful not to order conditions that effectively deny access to the courts. Id. at 1071. See also In re Green, 669 F.2d 779, 786 (D.C.Cir.1981) (per curiam). In evaluating the propriety of such an injunction, we examine: the litigant's history of vexatious litigation; whether the litigant has an objective good faith belief in filing the action; whether the litigant is represented by counsel; whether the litigant has caused needless expense or unnecessary burdens on the opposing party and/or court; and the adequacy of other sanctions. See Safir v. United States Lines, Inc., 792 F.2d 19, 24 (2d Cir.1986), cert. denied, 479 U.S. 1099 (1987). We are limited to deciding whether the district court abused its discretion in applying these factors. Procup, 792 F.2d at 1074; Wood v. Santa Barbara Chamber of Commerce, 705 F.2d 1515, 1524 (9th Cir.1983), cert. denied, 465 U.S. 1081 (1984).
 
 
 5
 Applying the above rules, we hold that the injunction was proper. Initially, it is clear that Robinson's access to the courts is not denied--he can file lawsuits with the leave of court and an accompanying affidavit. This is a permissible condition on his right to access. Procup, 792 F.2d at 1072-73. Furthermore, the Safir factors suggest the injunction was warranted: Robinson has a history of over 47 prior lawsuits, often involving the same issues, see Robinson v. Calhoun, No. 87-7603 (4th Cir. Jan. 20, 1988) (unpublished); Robinson acted in bad faith in wholly changing his claim after the passage of several years[3] of litigation; and Robinson has caused needless expense and burdens on defendants, the district court, and this Court. Therefore, it is clear that the district court did not abuse its discretion in enjoining Robinson.
 
 
 6
 The appeal in case No. 89-7525 is based on Robinson's September 8 motion for an emergency restraining order against Judge Boyle's prefiling injunction. We treat this appeal as attacking the actual enforcement of the prefiling injunction.[4] As noted above, we approve the imposition of the injunction. Therefore, Robinson's claim is necessarily limited to review of the district court's assessment of whether Robinson complied with the conditions of the injunction. In this respect, Robinson's claim is devoid of merit--he filed no motion for leave to file any document and he did not file an appropriate affidavit. Under these facts, we hold that the district court properly disallowed Robinson's filing.
 
 
 7
 Accordingly, we affirm the orders of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented on the record and oral argument would not aid the decisional process.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Robinson mistakenly believed that Judge Dupree was the chief judge of the Eastern District of North Carolina and that he had appellate jurisdiction over the orders of Judge Boyle. This letter was properly construed as a notice of appeal by the clerk at Judge Dupree's suggestion
 
 
 [2]
 Robinson claimed that he was forced to take a TB test against his wishes in his Sec. 1983 complaint
 
 
 [3]
 This is the second time we have reviewed this case on appeal. In Robinson v. Marion, No. 86-7241 (4th Cir. Jan. 16, 1987) (unpublished), we vacated the holding of the district court dismissing Robinson's case on the basis that, under some circumstances, the threat of forced inoculation of a TB test could state a constitutional claim
 
 
 [4]
 The district court considered the motion in this respect