**Salvatore A. AUCELLA,**

v.

**TOWN OF WINSLOW.**

Supreme Judicial Court of Maine.

Argued June 1, 1993.
Decided July 8, 1993.

John E. Nale (orally), Nale & Nale, Waterville, for plaintiff.

Peter M. Beckerman (orally), Waterville, for defendant.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, COLLINS, RUDMAN and DANA, JJ.

GLASSMAN, Justice.

Salvatore Aucella appeals from the entry of a judgment in the Superior Court (Kennebec County, *Mead, J.*), following a jury verdict in favor of the Town of Winslow on Aucella's complaint, pursuant to 42 U.S.C.A. § 1983 (1981),[1] seeking damages from the Town for its alleged discrimination against Aucella by its denial to him of the equal protection of the law in violation of the fourteenth amendment to the United States Constitution and article I, section 6–A of the Maine Constitution. He also sought a reconveyance of his property acquired by the Town through a tax lien foreclosure and reimbursement of his costs and attorney fees in the present action. The Town, in its cross-appeal, contends that the court abused its discretion by denying the Town's claim for its attorney fees pursuant to 42 U.S.C.A. § 1988 (1981).[2] Finding no error in the record, we affirm the judgment.

This case is before us for the third time.[3] Aucella acquired property in Winslow in 1983. He did not pay the property taxes for the tax year July 1, 1984 through June 30, 1985. The Town filed a tax lien for the amount of the unpaid taxes, including accrued interest and administrative costs. Subsequently, the property was automatically foreclosed pursuant to 36 M.R.S.A. §§ 942–943 (1990). Although Aucella paid $600, which the Town received and accepted, the balance due of $13.32 was not paid during the redemption period. Approximately 45 days after the redemption period had expired, Aucella tendered this amount and requested that the property be returned to him. The Town refused the tender and refused to reconvey the property.

1.  42 U.S.C.A. § 1983 (1981) provides:
    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any *State or Territory* ... *subjects or causes* to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

2.  42 U.S.C.A. § 1988 (1981) provides:

In any action or proceeding to enforce a provision of section 1981, 1982, 1983, 1985, and 1986 of this title ..., the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

3.  *See Aucella v. Town of Winslow,* 564 A.2d 68, 70 (Me.1989) (*Aucella I*) (approving tax lien foreclosure process); *Aucella v. Town of Winslow,* 583 A.2d 215, 217 (Me.1990) (*Aucella II*) (vacating summary judgment on discrimination claim).

Aucella filed the present complaint against the Town requesting a declaratory judgment confirming his ownership of the property and requiring the Town to accept payment of the overdue taxes and to reconvey title to him, and seeking damages, pursuant to section 1983, for the alleged violation of his constitutional right to the equal protection of the law.

Following the close of the evidence at the trial of the case, the court conferred with the parties on proposed jury instructions and a special verdict form. Aucella proposed a jury interrogatory for the special verdict form that broadly inquired whether the Town "engaged in impermissible discrimination" against Aucella. Following additional discussion, the court framed the first question to inquire of the jury whether the Town "engaged in a course of impermissible, invidious discrimination against non-residents ..." when it declined to reconvey the property to Aucella.[4] Aucella objected generally to any deviation from his proposed version of the special verdict form. He did not specifically object to the use of the term "non-residents," did not seek further clarification of the term, and made no objection to the court's use of the term in its initial instruction to the jury concerning discrimination.

During its deliberation, the jury requested further instruction from the court as to the word "non-residents" in the context of Question 1 on the jury verdict form. After consultation with the parties, the court responded, "In the context of Question 1 of the verdict form, the word 'non-residents' refers to individuals who are not residents of the Town of Winslow." The jury answered this question in the negative and returned a verdict in favor of the Town. From the judgment in favor of the Town awarding it costs but denying it an award of attorney fees pursuant to the provisions of section 1988, Aucella appeals, and the Town cross-appeals.

## I. Jury Instruction

Aucella contends the court erred in its instructions to the jury by not confining its instruction to the jury to his status as a nonresident of Maine. A party is entitled to a specific jury instruction if it states the law correctly, is supported by the facts, is not misleading, and has not already been covered by the charge. *Pelkey v. Canadian Pacific Ltd.*, 586 A.2d 1248, 1251 (Me.1991). The instruction should reflect the issues presented according to the plaintiff's theory of liability. *Midland Fiberglass Inc. v. L.M. Smith Corp.*, 581 A.2d 402, 404 (Me.1990). In order to properly preserve a challenge to a jury instruction, a party must not only object but must state distinctly the ground for the objection. *Fuller v. Central Maine Power Co.*, 598 A.2d 457, 460 (Me.1991); M.R.Civ.P. 51(b). A failure to direct the court's attention to the challenged language of a jury instruction or to offer a more acceptable version may render the objection inadequate to preserve the issue for appeal. *Id.* Moreover, a party who actively participates or acquiesces in formulating an erroneous jury instruction cannot later claim error on appeal. *Nordic Sugar Corp. v. Maine Guar. Auth.*, 447 A.2d 1239, 1243 (Me.1982). Similarly, the court will not address alleged errors on appeal that were the result of a party's litigation strategy at trial. *Teel v. Colson*, 396 A.2d 529, 535 (Me.1979).

Here, the evidence at trial pertained to the residence of various owners of tax-acquired property. Aucella's proposed special verdict form included no specific basis for the claimed discrimination, but merely posed a query to the jury whether the Town engaged in "impermissible discrimination." During the parties' colloquy with the court on the formulation of the special verdict form, Aucella raised no objection to the court confining the issue to Aucella's nonresident status, nor did he seek any further definition of the term "nonresi-

---

**4.** The second question included on the special verdict form was:

Do you find by a preponderance of the evidence that the Town of Winslow relied upon a valid, nondiscriminatory reason for declining to convey the tax acquired property back to Salvatore Aucella upon his offer to pay the remainder due upon the tax lien?

dent." Following the jury's communication to the court, Aucella did not raise any claimed ambiguity in the term "nonresident." Although he stated that the evidence disclosed that he was both a nonresident of Winslow and a nonresident of Maine and requested an instruction broad enough to allow either as a basis for discrimination, he made no request that the court instruct on one to the exclusion of the other and did not object to the court's responsive instruction to the jury.

Thus, although Aucella objected generally to any deviation from his proposed jury instruction and verdict form, he at no time specifically requested an instruction distinguishing himself solely on the basis of being a nonresident of the state of Maine. Aucella's claimed error that the court should have limited its instruction to discrimination based solely on his out-of-state status is, therefore, not preserved. *Twin Island Dev. Corp. v. Winchester*, 512 A.2d 319, 324 (Me.1986); M.R.Civ.P. 51(b). Accordingly, we may reach Aucella's claimed error on appeal only if the instruction failed sufficiently to inform the jury in all necessary aspects of the governing law and the error seriously affected the fairness or integrity of the proceeding. *Twin Island Dev. Corp.*, 512 A.2d at 324.

■■■ The law of equal protection allows for the unequal enforcement of a law or policy among similarly situated individuals if there is a rational basis for the distinction that is related to a legitimate state purpose. *Brandon v. District of Columbia Bd. of Parole*, 823 F.2d 644, 650 (D.C.Cir.1987); *Ciechon v. City of Chicago*, 686 F.2d 511, 522 (7th Cir.1982). The selective enforcement of a facially neutral policy may provide grounds for an equal protection claim only if there exists "an element of intentional or purposeful discrimination." *E & T Realty v. Strickland*, 830 F.2d 1107, 1113 (11th Cir.1987). Nonresi-

dence of a state, town, or locality is not a permissible basis for different treatment of property owners absent a legitimate reason for the distinction. *Williams v. Vermont*, 472 U.S. 14, 23, 105 S.Ct. 2465, 2471, 86 L.Ed.2d 11 (1985); *Aucella II*, 583 A.2d at 216.

■■■ The court's instruction was sufficiently broad to permit the jury to find discrimination based on the evidence submitted to it that Aucella, who was a resident neither of Winslow nor of Maine, was refused the opportunity to pay his overdue taxes and redeem his property while that opportunity had been provided to other property owners. However, the jury also heard evidence that the Town Council passed a resolution in 1974 authorizing the reconveyance of tax-acquired property to the taxpayer when the failure to pay the tax was the result of administrative error not the fault of the taxpayer,[5] and that pursuant to this resolution, the Town had reconveyed property to owners who were residents of Winslow, residents of other towns in Maine, and out-of-state residents. There was no evidence of an administrative error in Aucella's tax lien foreclosure. *See Aucella I*, 564 A.2d at 69–70. Accordingly, the jury rationally could have found that because there was no administrative error in Aucella's case the Town had not impermissibly discriminated against him by denying his request to reconvey the property to him. On this record we find no error, much less obvious error, in the court's instructions to the jury. *Dolloff v. Dolloff*, 593 A.2d 1044, 1046 (Me.1991).

## II. Attorney Fees

■■■ By its cross-appeal, the Town challenges the court's denial of its request for the award of attorney fees. An award of attorney fees pursuant to section 1988 is within the discretion of the trial court and

---

5. Resolution No. 30–1974, section VIII, of the Winslow Town Council provides in part:

There are times when tax liens are not paid on time due to administrative detail, such as departmental error or mixup and/or when a lien is not valid because of some legal insufficiency.

In either of the instances above, or other valid reasons other than just nonpayment, where the taxpayer is not at fault, it is the policy that the Treasurer, upon evidence and contingent upon payment of all amounts due the Town, will issue a quit claim deed to the property owner.

should not be disturbed absent evidence of an abuse of that discretion. *Wyman v. Secretary of State*, 625 A.2d 307, 311 (Me. 1993) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941, 76 L.Ed.2d 40 (1983)). Pursuant to the applicable standard, "[f]or a defendant to succeed [on a request for attorney fees, that defendant] must show that plaintiff's claim 'was frivolous, unreasonable, or groundless, or that plaintiff continued to litigate after it clearly became so.'" *Solmitz v. Maine Sch. Admin. Dist. No. 59*, 495 A.2d 812, 821 (Me.1985) (quoting *Lotz Realty Co., Inc. v. United States Dept. of Housing and Urban Dev'l*, 717 F.2d 929, 931 (4th Cir.1983)). A plaintiff who fully litigates an argument that is not "wholly without merit" does not incur responsibility for the opposing party's fees. *Id.*

■ Here, Aucella's claim, pursuant to section 1983, survived the Town's motion for a summary judgment and was determined by a jury after a full trial on the merits. There is no evidence that his claimed violation of the equal protection of the law was improperly included in his original complaint "as a matter of reflexive routine or for the purpose of gaining leverage." *Burr v. Rangeley*, 549 A.2d 733, 735 (Me.1988). Nor can it be said that Aucella undertook his claim "solely on the basis of a naked and unsubstantiated allegation of constitutional deprivation." *Id.* Accordingly, the court did not abuse its discretion in denying the Town's request for its attorney fees.

The entry is:

Judgment affirmed.

All concurring.