### Paula HAAVISTOLA

v.

### COMMUNITY FIRE COMPANY OF RISING SUN, et al.

### Civ. No. S 90–1637.

United States District Court,
D. Maryland.

Jan. 26, 1994.

George A. Nilson, Piper & Marbury, Susan Goering, American Civil Liberties Union of Maryland, Thomas Page Lloyd, Piper and Marbury, Awilda R. Marquez, Piper & Marbury, Baltimore, MD, Deborah A. Jeon, American Civil Liberties Union, Cambridge, MD, Bruce T. Carton, Law Office, Columbia, MD, for plaintiffs.

Roger N. Powell, Law Office, Pikesville, MD, Anthony Victor Teelucksingh, Whiteford, Taylor & Preston, Larry M. Wolf, Whiteford, Taylor & Preston, Richard D. Bennett, U.S. Atty., Baltimore, MD, Thomas P. Bernier, White and Karceski, Towson, MD, Joseph J. Mahoney, Law Office, Elkton, MD, for defendants.

---

## MEMORANDUM OPINION

SMALKIN, District Judge.

This case is once again before the Court, this time on the defendants' motion for attorney's fees and costs. The fee motion will be denied, for reasons that will briefly be stated below. In that it is clear under the law of this Circuit that no fees can be awarded, the plaintiff need not file an opposition memorandum.

A federal statute—42 U.S.C. § 1988(b)—authorizes an award of attorney's fees to the "prevailing party" in civil rights suits such as the present one. There is no question that the defendants are the prevailing parties on all federal claims, and that the state claims are no longer viable. The Court is of the opinion that, were the statute in question to be read and applied according to its plain language, the defendants would clearly be entitled to collect a fee from the plaintiff, and the Court would not hesitate to award the whole fee claimed by the defendants, believing that it represents a claim for reasonable rates for hours reasonably expended on the work detailed.

As it happens, of course, the statute has been given a gloss that allows an award of fees to a prevailing *defendant* only where the plaintiff's claims are objectively frivolous, unreasonable, or groundless from the outset, or become so during the course of litigation. *See Lotz Realty Co. v. United States Dep't. of Hous. and Urban Dev.,* 717 F.2d 929, 931 (4th Cir.1983) (*quoting Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978)). The district court's determinations in this regard are reviewed on an abuse-of-discretion standard. *See Introcaso v. Cunningham,* 857 F.2d 965, 967 (4th Cir.1988).

In this case, *this* Court is convinced that the plaintiff's federal claims were, from the outset, baseless under federal law, in that the defendants were not, and never have been, amenable to suit under either Title VII or 42 U.S.C. § 1983, thus making one element of each of plaintiff's federal claims unprovable as a matter of law. Indeed, this Court so concluded in its opinion—reversed on appeal—granting summary judgment on those claims in favor of the defendants. *Haavistola v. Community Fire Co. of Rising Sun,* 812 F.Supp. 1379 (D.Md.1993). The Fourth Circuit's opinion, however, leaves no doubt that the appellate Court entirely disagreed. *Haavistola v. Community Fire Co. of Rising Sun,* 6 F.3d 211 (4th Cir.1993). In that the plaintiff largely produced at trial the same sort of evidence that convinced the Fourth Circuit to disagree with this Court and to hold that the plaintiff *had* set forth triable federal claims, this Court harbors no doubt whatever that the Fourth Circuit would instantly perceive a plain abuse of this Court's discretion in a finding made, after trial, that the plaintiff's claims were sufficiently baseless from the outset, or became so, as to warrant the imposition of fees under § 1988. Therefore, this Court is constrained to deny the defendants' request for attorney's fees.

It might be added that, if there were some relaxation of the *Christiansburg* rule in favor of an eleemosynary defendant, the Court would not hesitate to award fees in this case. It does not, however, know of any such relaxation in the rule in favor of defendants like the present one, *viz.,* private charitable or service entities unsuccessfully attempted to be portrayed as Title VII employers or state actors under § 1983. In fact, the prevailing defendant in *Lotz Realty, supra,* was an eleemosynary institution, and the Fourth Circuit specifically held in that case that such defendant's entitlement to fees was to be determined "under the standards of *Christiansburg.*" 717 F.2d at 932. Although the Fourth Circuit strongly implied in that case that the defendant should be awarded a fee, it stressed the fact that said defendant was, in essence, a *complainant* under federal fair housing laws, essentially implying that, despite *Christiansburg,* that defendant should be treated with special solicitude when it came to a fee award. Of course, in this case, the defendants' roles were those of traditional civil rights defendants, rather than being analogous to that of a civil rights plaintiff, as in the *sui generis* case of *Lotz.*

Thus, the Court concludes that a separate order must be entered accordingly, denying the defendants' motion for fees.

## ORDER

For the reasons stated in a Memorandum Opinion entered this date, it is, by the Court, this 26th day of January, 1994, ORDERED and ADJUDGED:

1. That the defendants' motion for attorney's fees and costs BE, and it hereby IS, DENIED, except as to costs taxable under 28 U.S.C. § 1920 (for the taxation of which separate application may be made to the Clerk within 21 days of the date hereof); and

2. That the Clerk mail copies hereof and of the said Memorandum Opinion to counsel.