STATE OF MAINE

CUMBERLAND, ss

STATE OF MAINE
CUMBERLAND, SUPERIOR COURT
CLERK'S OFFICIVIL ACTION
                 DOCKET NO. CV-02-245
2003 OCT 29  P 12: 04 AAG-CUM - 10/29/2003

TOWN OF NAPLES,

     Plaintiff

v.

               **ORDER**

THOMAS J. YARCHESKI, et al,

     Defendants

DONALD L. GARBRECHT
LAW LIBRARY

NOV 26 2003

The Town of Naples filed this complaint for injunctive relief against defendants Thomas Yarcheski and Bernadette Yarcheski as a result of Mr. Yarcheski's placement of concrete filled posts located on the Town owned roadway adjacent to the defendants' lots on Heritage Hill Road.

Defendant Thomas J. Yarcheski placed or caused to be placed up to 17 lalley columns or posts filled with concrete. Some of these posts had metal bolts or rebar projecting out of the top of the posts.

As a result of a complaint to the town officials, efforts were made to have the defendants remove the pipes as the Town felt that these posts were a hazard as that term is used in 23 M.R.S.A. §2701.

Bernadette Yarcheski at a meeting with the Naples Town Manager on December 18, 2000, gave her permission to have the posts removed. Thomas Yarcheski disputed that the posts were a hazard, or that they were located within the roadway and claimed that the Town action against him was arbitrary, capricious and constituted selective

enforcement of the law. Before the finish of the testimony in this case the defendant Thomas J. Yarcheski had removed the last of the offending posts.

Thomas J. Yarcheski claimed that the Town could have and apparently should have taken affirmative steps to exercise "self-help" by removing the posts pursuant to the authority in 23 M.R.S.A. §2701.

The Town after consulting with legal counsel elected not to exercise self-help because of the legal advise it had received. The selectman did not want to place anyone removing the posts with the possibility of having legal claims filed against them and the expectation that if self-help was initiated then litigation would follow. This court can not fault the Town officer or legal counsel for the course of action that it has pursued to obtain compliance by the defendant Thomas J. Yarcheski in the Town's efforts to have the hazards in the Heritage Hill Road removed.

Thomas J. Yarcheski claims that the fence posts were not located on Town property. The survey of the property, testimony of witnesses and photographs admitted into evidence all establish that the posts in question were all located on Town property adjacent to the defendants' real estate.

Thomas J. Yarcheski also claims that the Town's actions in singling him out for the legal action was arbitrary, capricious, discriminating and politically motivated. A great deal of testimony and exhibits established there are many objects that are close to the various traveled ways in Naples. These include buildings, markers, fences, oil tanks, stonewalls, utility poles, and trees. The Town has no established plan to attempt to correct or caused to be removed these potential hazards along the roadways. The selectmen respond to complaints made as they receive the same.

After this controversy arose with the Town with the Yarcheskis, Mr. Yarchseski filed a complaint with the Town requesting action to cause other roadside hazards to be

addressed by the selectman. In their testimony the Town officers revealed that they have no intention to take any action as to the alleged hazards pointed out by Mr. Yarscheski.

The Road Commissioner, Roland Mayberry after observing the pipe or lalley columns with metal objects projecting from the same and testified that he felt it was dangerous to anyone proceeding on the Town way who could come into contact with the pipes and it was also a problem with snow plowing. He further testified that when he has observed potential hazard or obstacles to snow plowing being placed on Town roadways in new subdivisions that upon his request the obstacles had been removed.

I find that the Town had a rational basis once a complaint had been made to ask the Yarcheskis to remove their pipes which clearly were hazards and upon their failure to comply with that request, then to bring this action to require compliance. The defendants have failed to prove that the challenged decision had a discriminating effect or was motivated by a discriminating purpose. I further find that the Town's action had a rational basis and was related to a legitimate purpose, that is to have these roadside hazards removed. See Aucella v. Town of Winslow, 628 A.2d 120 (Me. 1993)

Mr. Yarcheski has directed considerable effort to challenge the actions and apparent advice the Town's attorney gave to the Selectmen. This is ample evidence that the Town received competent advise and the Selectperson, Town Manager, Code Enforcement Officer and Road Commissioner had sufficient information to commence this litigation and further to proceed to the judgment. The considerable costs to cause the Yarcheskis to comply with the Town's request to remove the hazard were caused by Mr. Yarcheski 's refusal to comply with the Town's letter of November 19, 2001 and then his refusal to comply until the trial had commenced. Mr. Yarcheski's attempt to

control the actions of the Town and Town attorney are the primary cause of the substantial costs of this litigation and not any wrong doing by Town Council.

The court has already advised the parties that it is not going to require the defendants to pay for the Town's counsel fees. I would caution the defendants that future litigation over this issue could result in a different assessment by the court on the issue of whether one party should be responsible for the opposing parties counsel fees.

The entry shall be:

1. Judgment for the Town; with costs but not to include attorney fees;

2. Defendants are ordered to remove from the Town's land any remaining posts;

3. Defendant, their agents, successors and assigns are permanently enjoined from placing any objects on the Town's land without first receiving the written permission of the Town; and

4. Defendant, their agents, successors and assigned are ordered to locate the mailbox and the several paper delivery boxes located on Town land, consistent with the placement of such receptacles in other subdivisions in the Town.

DATED: October 29, 2003

_____
Roland A. Cole
Justice, Superior Court

COURTS
d County
x 287
e 04112-0287

GEOFFREY HOLE ESQ
PO BOX 9729
PORTLAND ME 04104

nd County
ox 287
ne 04112-0287

THOMAS AND BERNADETTE YARCHESKI
PO BOX 1206
NAPLES ME 04055