STATE OF MAINE                          SUPERIOR COURT
LINCOLN, SS.                            CIVIL ACTION
                                        Docket No. RE-2014-04


TOWN OF WISCASSET,          )
              Plaintiff,    )
                            )
                            )
        v.                  )           **ORDER ON MOTION FOR**
                            )           **SUMMARY JUDGMENT**
                            )
FERRY ROAD                  )
DEVELOPMENT, LLC,           )
              Defendant.    )


        Pending before the court are cross-motions for summary judgment on the Plaintiff's complaint and the Defendant's counterclaim concerning the Town's tax lien foreclosure of property of the Defendant. For the reasons stated below, the Plaintiff is entitled to judgment as a matter of law on all claims in this matter. The Plaintiff's motion is GRANTED and the Defendant's Motion is DENIED.

        The Defendant raises two issues with the Town's tax lien foreclosure. First, the Defendant argues that an incorrect date of the recording of a tax certificate listed on the Notice of Impending Automatic Foreclosure invalidates the tax foreclosure process. This argument is without merit.

        The Notice of Impending Automatic Foreclosure correctly contained all of the information required by 36 M.R.S.A. §943. Though the statute also requires that a notice of impending automatic foreclosure "be substantially" in the form included in §943 and that form includes the date of the lien recording, the text of the statute does not require that the date of the recording of the tax lien be included. The Notice of Impending Automatic Foreclosure used by the Town is substantially in the form included in the statute and correctly included all of the information required by the statute. The critical date – the exact date of the foreclosure – was included in the notice and was correct. It is the foreclosure date that is specifically required by the statute and which is needed for the taxpayer to know when they must pay the amounts due to retain their property. As a result, the Town has complied with all the statutory requirements and a minor typographical error concerning an unimportant date does not invalidate the process[1]. See City of Augusta vs. Allen, 438 A.2d 472, 475 (Me. 1981).

        The Defendant next argues that the Town has violated the Defendant's right to equal protection because the Town has allowed other prior record owners to repurchase

---

[1] If a taxpayer has any doubt about the recording of a tax certificate that information can be obtained by consulting the Registry of Deeds.

1

their property following tax lien foreclosure by paying all the taxes due, but has refused to allow the Defendant to do the same. The Defendant claims that the Town has acted in this manner because it is an out-of-state corporation. The Town concedes that it has allowed other prior owners to repurchase their properties and has refused to allow the Defendant to do so. In support of this decision, the Town has submitted record evidence to show that it refused to allow the property to be repurchased unless all sums due to the Town from the Defendant and other related corporate entities were paid.

Both parties cite to <u>Aucella v. Winslow</u>, 628 A.2d 120 in support of their position. In <u>Aucella</u>, the Law Court discussed application of equal protection in circumstances such as those in this case:

> The law of equal protection allows for the unequal enforcement of a law or policy among similarly situated individuals if there is a rational basis for the distinction that is related to a legitimate state purpose. The selective enforcement of a facially neutral policy may provide grounds for an equal protection claim only if there exists "an element of intentional or purposeful discrimination." Nonresidence of a state, town, or locality is not a permissible basis for different treatment of property owners absent a legitimate reason for the distinction.

<u>Id.</u> at 124.

In this case, the Town has come forward with unrebutted, admissible record evidence[2] that shows that it had a rational basis to treat the Defendant differently from other taxpayers and that the distinction was based on a legitimate governmental purpose – collecting amounts due. Though the Defendant correctly points out that one corporate entity cannot be held liable for the debts and obligations of another, which is not material to the issue here. The record establishes that there is a relationship between three corporate entities, including the Defendant, which owed funds to the Town. Using leverage that a municipality has against one entity in an attempt to recover from a related entity is a rational choice and does not amount to a violation of anyone's constitutional rights.

For these reasons, the Town is entitled to judgment as matter of law. Judgment is entered for the Plaintiff and a decree is entered confirming the Town of Wiscasset's title to the property at issue.

Dated: May 18, 2015

_____
JUSTICE, MAINE SUPERIOR COURT

---

[2] Though the Defendant's filings argue that there is a dispute of material fact on this issue, counsel conceded that there was not during oral argument. In any case, this court has concluded that there is no dispute of material fact, simply a dispute regarding which facts are material and the legal conclusion that should be drawn from those facts.

TOWN OF WISCASSET - PLAINTIFF
51 BATH ROAD
WISCASSET ME 04578

**DOCKET RECORD**

Attorney for: TOWN OF WISCASSET
GEOFFREY HOLE  - RETAINED 02/13/2014
BERNSTEIN SHUR SAWYER & NELSON
100 MIDDLE ST
PO BOX 9729
PORTLAND ME 04104-5029


   vs

FERRY ROAD DEVELOPMENT LLC - DEFENDANT
485 WEST PUTNAM AVENUE
GREENWICH CT 06830
Attorney for: FERRY ROAD DEVELOPMENT LLC
WALDEMAR BUSCHMANN  - RETAINED
WEEKS & HUTCHINS LLC
TWO PARK PLACE
PO BOX 417
WATERVILLE ME 04903-0417

Attorney for: FERRY ROAD DEVELOPMENT LLC
READE ELLIOTT WILSON  - RETAINED
DRUMMOND WOODSUM
84 MARGINAL WAY SUITE 600

PORTLAND ME 04101-2480

Attorney for: FERRY ROAD DEVELOPMENT LLC
BRIAN D WILLING  - RETAINED
DRUMMOND WOODSUM
84 MARGINAL WAY SUITE 600

PORTLAND ME 04101-2480

TD BANK NA - DEFENDANT
ONE PORTLAND SQUARE
PORTLAND ME 04101
Attorney for: TD BANK NA
KENNETH PIERCE  - RETAINED
MONAGHAN LEAHY LLP
95 EXCHANGE ST
PO BOX 7046
PORTLAND ME 04112-7046

Filing Document:   COMPLAINT                    Minor Case Type:        EQUITABLE REMEDIES
Filing Date:       02/13/2014

Docket Events:
02/14/2014    FILING DOCUMENT - COMPLAINT FILED   ON 02/13/2014


02/14/2014    Party(s):   TOWN OF WISCASSET