857 F.2d 965
 104 A.L.R.Fed. 1, 12 Fed.R.Serv.3d 651,
49 Ed. Law Rep. 483
 Alexander INTROCASO, Plaintiff-Appellant,
v.
Paul H. CUNNINGHAM; Board of Education of Dorchester
County, Philip L. Jones; Kathryne C. Holdt; Jay
G. Harper; T. Reynolds Carpenter,
Defendants- Appellees.
 No. 86-2064.
 United States Court of Appeals,
Fourth Circuit.
 Argued Dec. 2, 1987.
Decided Sept. 27, 1988.
 
 Glen Marcus Fallin, Ellicott City, Md., for plaintiff-appellant.
 Kurt James Fischer (Francis B. Burch, Jr., Paul A. Tiburzi, Piper & Marbury, Baltimore, Md., on brief), for defendants-appellees.
 Before WINTER, Chief Judge, SPROUSE, Circuit Judge, and HAYNSWORTH, Senior Circuit Judge.
 HARRISON L. WINTER, Chief Judge:
 
 
 1
 Plaintiff Alexander Introcaso and his counsel, Glen M. Fallin, appeal the district court's award to defendants of $10,294.09 in attorney's fees pursuant to 42 U.S.C. Sec. 1988 against Introcaso and sanctions in the amount of $18,558.85 against Fallin under Rule 11 of the Federal Rules of Civil Procedure. We conclude that the district court did not abuse its discretion in awarding attorney's fees under Sec. 1988 against Introcaso. In principle we recognize that the district court was invested with discretionary authority to impose sanctions on Fallin. But the district court did not make sufficiently detailed findings that we can determine either that the imposition of sanctions was within the district court's discretion or that the district court did not exceed its discretion in computing their amount. Accordingly, we affirm the Sec. 1988 award of attorney's fees, vacate the Rule 11 sanction, and remand for further proceedings in accordance with the views expressed herein.
 
 I.
 
 2
 Introcaso brought suit under 42 U.S.C. Sec. 1983 and Maryland state law against the Dorchester County Board of Education (the local school board), its members, and then superintendent, Dr. Paul H. Cunningham. He alleged, in particular, that defendants had discharged him from his position as a tenured public high school teacher in retaliation for his constitutionally protected criticism of Cunningham's job performance.
 
 
 3
 Cunningham had recommended that Introcaso be discharged for the alleged conversion of a missing school typewriter after the typewriter was discovered in his wife's store. The local school board accepted this recommendation by a split vote. However, the Maryland State Board of Education, in a five-four decision, reduced Introcaso's penalty to a one-year, time-served suspension in light of Introcaso's performance as a teacher and the improbability that a similar incident would occur in the future.[1] After the state board proceedings, Introcaso filed this suit.
 
 
 4
 In his amended complaint, Introcaso alleged that Cunningham was aware of Introcaso's support for Cunningham's rival for superintendent and Introcaso's alleged private and public criticisms of Cunningham's abilities, including his work on a teacher survey of Cunningham's job performance. He further alleged that the local school board voted to discharge him
 
 
 5
 despite their knowledge that there was not sufficient cause for discharge and their knowledge also that Defendant had recommended plaintiff's discharge in retaliation for plaintiff's public criticism of Defendant Cunningham aforesaid.
 
 
 6
 The district court dismissed all claims against the school board members as time-barred, and certified this ruling for immediate appeal. We affirmed. Introcaso v. Cunningham, No. 84-1806 (4 Cir.1985) (unpublished).
 
 
 7
 While that appeal was pending, a jury trial on Introcaso's first amendment claim against Cunningham was conducted.[2] Prior to the beginning of the trial, the district court denied Cunningham's motion to dismiss. The district court denied a motion for a directed verdict, but the jury returned a verdict in favor of Cunningham after a six-day trial. Introcaso's appeal of the judgment entered on the jury's verdict was dismissed for nonprosecution after Introcaso failed to procure a partial transcript of the jury trial. See F.R.App.P. 10(b).[3] Thus in our previous review of the merits of Introcaso's lawsuit, we considered only the district court's dismissal of Introcaso's claims against the local school board. We concluded that because Introcaso's claim against the school board was derivative of his claim against Cunningham, the intervening jury verdict in favor of Cunningham eliminated any need to reach the statute of limitations question:
 
 
 8
 we need not address the interesting question of just when the action against the school board members was begun, for the plaintiff's claim against them is foreclosed under the doctrine of collateral estoppel.
 
 
 9
 Introcaso v. Cunningham, No. 84-1806 (4 Cir.1985) (unpublished).
 
 
 10
 After we decided the prior appeal, defendants moved for attorney's fees and Rule 11 sanctions. The district court awarded defendants attorney's fees under Sec. 1988, concluding that Introcaso should have known on the basis of the facts brought out in the hearings before the local and state school boards that defendants took disciplinary action against him because of the typewriter episode, and that therefore his lawsuit was frivolous, unreasonable, and without foundation. However, it awarded only ten percent of the total fees defendant incurred in recognition of the "possible chilling effect which a large award for attorneys' fees may have on future plaintiffs who may desire to resort to the Courts to vindicate their rights." The district court also granted a motion for Rule 11 sanctions. While the district court stated that Fallin should have been aware that plaintiff's claims were without legal or factual foundation from the outset of the lawsuit, the district court later restricted Rule 11 sanctions in its final order to postverdict litigation:
 
 
 11
 all actions taken after the jury returned a verdict in favor of defendants needlessly and unreasonably extended the length of litigation. Accordingly, the Court holds Attorney Fallin liable for all costs incurred by counsel for the defense following the jury verdict.
 
 
 12
 The amount of sanctions assessed was $18,558.85.
 
 II.
 
 13
 The underlying rules relating to the award of attorney's fees, which govern the outcome of this appeal, are well established. In order to recover attorney's fees, defendants must show that plaintiff's claims were objectively "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after his claim clearly became so." Lotz Realty Co. v. United States Dep't of Hous. and Urban Dev., 717 F.2d 929, 931 (4 Cir.1983) (quoting Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 422, 98 S.Ct. 694, 700-01, 54 L.Ed.2d 648 (1978)). In order to prevail in a wrongful discharge suit brought under 42 U.S.C. Sec. 1983, Introcaso had an initial burden of demonstrating that the retaliation for constitutionally protected speech was a "substantial" or "motivating" factor. Neal v. Howell, 689 F.2d 473, 476 (4 Cir.1982). If a Sec. 1983 plaintiff offers proof to establish this fact, a defendant may successfully defend by demonstrating by a preponderance of the evidence that the same action would have been taken regardless of the protected speech. See id. (citing Mt. Healthy City Bd. of Education v. Doyle, 429 U.S. 274, 285-87, 97 S.Ct. 568, 575-76, 50 L.Ed.2d 471 (1977)). The standard of appellate review of a district court's decision to award attorney's fees under Sec. 1988 is whether the district court abused its discretion. See 42 U.S.C. Sec. 1988 ("the court, in its discretion, may allow the prevailing party ... a reasonable attorney's fee); Pierce v. Underwood, --- U.S. ----, ----, 108 S.Ct. 2541, 2546, 101 L.Ed.2d 490, 500 (1988) (abuse of discretion standard).
 
 
 14
 Introcaso contends that because the district court denied Cunningham's motion to dismiss Introcaso's first amendment claim, the claim was of sufficient substance to survive defendants' subsequent request for attorney's fees. We disagree. That the district court was persuaded in the early stages of the trial to deny a motion to dismiss does not decide the question of what the plaintiff and his counsel knew when they filed the complaint. Although in some instances a frivolous case will be quickly revealed as such, it may sometimes be necessary for defendants to "blow away the smoke screens the plaintiffs had thrown up" before the defendants may prevail. Hicks v. Southern Maryland Health Systems Agency, 805 F.2d 1165, 1167-68 (4 Cir.1986); see also Thomas v. Capital Security Services, Inc., 836 F.2d 866, 881 (5 Cir.1988) (in banc). In particular, it is possible for a plaintiff to establish a prima facie case which is weak but which is sufficient to survive a directed verdict, but which is nonetheless groundless in light of a defense readily apparent to the plaintiff from the outset of the litigation. We think that this is such a case when Introcaso was fully aware of the evidence brought out in the prior state administrative proceedings that, in discharging him, defendants were motivated by the discovery of the missing school typewriter.
 
 
 15
 Introcaso relies on Glymph v. Spartanburg General Hospital, 783 F.2d 476 (4 Cir.1986), in support of his argument that because the district court denied Cunningham's motion to dismiss and motion for directed verdict in part, his lawsuit could not have been frivolous. In Glymph, we reversed an award of attorney's fees in a Title VII case after a district court's denial of a summary judgment motion and a motion to dismiss at least implicitly included a finding that the plaintiff had made out a prima facie case. We did not set out a per se rule on the effect of denial of a directed verdict motion, but rather took the ruling into account along with other factors in deciding whether a lawsuit was without merit. See id. at 480. In the instant case, Introcaso and Fallin knew or should have known, in light of the state administrative proceedings and the Supreme Court's decision in Mt. Healthy, that defendants would successfully defend by presenting evidence that they would have undertaken disciplinary action regardless of whether Introcaso had criticized Cunningham's job performance. While it may be rare for a claim which survives a motion to dismiss at the close of plaintiff's case to be held groundless, we do not think the district court abused its discretion in concluding that attorney's fees were warranted in this case.[4]
 
 
 16
 Additionally, Introcaso presents a so-called "enhancement theory" challenge to the district court's decision to award attorney's fees and Rule 11 sanctions. He argues that Cunningham recommended discharge, as opposed to a lesser penalty such as suspension, because of Introcaso's alleged exercise of his first amendment rights. Introcaso presses this contention notwithstanding allegations in his amended complaint that he was fired "solely or substantially in retaliation" for his part in criticizing Cunningham, and that the local school board knew "there was not sufficient cause for discharge." Even if Introcaso were not guilty of this inconsistency, the fact remains that, in the light of his knowledge of his implication in the typewriter incident, he knew or should have known that his suit was groundless and hence, this legal theory aside, the district court did not abuse its discretion in awarding attorney's fees.
 
 
 17
 Introcaso's other objections to the district court's decision are without merit. The district court did not err in declining to admit the actual results of the survey of Cunningham's job performance, for it was Cunningham's motivations in recommending that Introcaso be fired, and not his actual job performance, which Introcaso's complaint placed at issue. Contrary to Introcaso's argument, the district court did not fail to give him an opportunity to oppose defendants' motion for fees by presenting evidence of meager financial resources; in fact he filed a twenty-one-page memorandum in opposition which refers to his modest means and would have been the appropriate occasion to provide additional evidence on his ability to respond to an award. Moreover, there is no evidence that the district court did not give sufficient weight to Introcaso's financial position, see Arnold v. Burger King Corp., 719 F.2d 63, 68 (4 Cir.1983) (district court in appropriate circumstances should give weight to relative financial positions of litigants), cert. denied, 469 U.S. 826, 105 S.Ct. 108, 83 L.Ed.2d 51 (1984), especially in light of its decision to award only ten percent of Introcaso's possible liability for attorney's fees.
 
 
 18
 In sum, while it may be a close question as to whether Introcaso converted or simply misplaced the typewriter, there was sparse evidence supporting plaintiff's position that defendants were motivated to retaliate for protected speech in seeking disciplinary action against him.[5] Evidence brought out at trial and the prior state administrative proceeding to the effect that Cunningham acted in direct response to a perceived theft of expensive equipment by one of his employees overshadows this entire action. Because our review is limited to whether the district court abused its discretion, we conclude that the district court did not abuse its discretion in making an award of attorney's fees.
 
 III.
 
 19
 We next consider the sanctions imposed on Fallin. In pertinent part, Rule 11, F.R.Civ.P. (West 1988), provides:
 
 
 20
 The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact and is warranted by existing law or a good faith argument for the extension, modification, or reversal of existing law, and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of this rule, the court, upon motion or upon its own initiative, shall impose upon the person who signed it, a represented party, or both, an appropriate sanction, which may include an order to pay to the other party or parties the amount of the reasonable expenses incurred because of the filing of the pleading, motion, or other paper, including a reasonable attorney's fee.
 
 
 21
 By its terms Rule 11 applies only to those aspects of litigation stemming from the signing of a pleading, motion or other paper. Of course, the determination of whether the document is warranted by existing law or a good faith argument must be made under an objective standard of reasonableness, and the district court's decision to impose Rule 11 sanctions may not be disturbed except for an abuse of discretion. Stevens v. Lawyers Mutual Liability Ins. Co., 789 F.2d 1056, 1060 (4 Cir.1986).
 
 
 22
 The district court's final order imposing Rule 11 sanctions found that all actions taken after the jury returned a verdict in favor of defendants needlessly and unreasonably extended the length of litigation.[6] This finding is impermissibly broad. Rule 11 does not authorize the imposition of sanctions for all actions taken in the course of litigation. It authorizes sanctions stemming from the signing of a pleading, motion or other paper which is not well-grounded in fact and warranted by existing law or which represents a good faith argument, measured by an objective standard, that existing law should be extended, modified or reversed. Regrettably, the district court did not identify what pleading, motion or other paper, the signing of which and the proceedings stemming therefrom, it regarded as frivolous. The district court's finding is so general that it may include some postverdict proceedings which did not result from the signing of a document as proscribed by Rule 11. Absent more specific findings, we cannot review for reasonableness on the record now before us whether any sanction was justified, or, if so, the correctness of the amount of sanction imposed. In particular, we note that from portions of the appellate record not included in the parties' Joint Appendix on appeal, it appears that the amount of the sanction may have included litigation of Introcaso's appeal of the district court's dismissal of his claims against the local school board. While Introcaso was ultimately collaterally estopped from prevailing in this appeal by the intervening jury verdict in his litigation against Cunningham, we characterized the statute of limitations question Introcaso presented in the previous appeal as an "interesting question." Introcaso v. Cunningham, No. 84-1806, slip op. at 2 (Sept. 19, 1985) (unpublished). Additionally, the sanction appears to encompass litigation activity and associated expenses for defendant's motion for attorney's fees under Sec. 1988 and Rule 11. Moreover, preparation of a motion to consolidate the appeals and counsel's review of our decision affirming dismissal of Introcaso's claim against the local school board, also were the subject of postverdict litigation. If actually included in fixing the amount of the sanction, these items should not have been allowed even if they stemmed from the signing of a pleading, motion or other paper proscribed by Rule 11.
 
 
 23
 We do not discuss the composition of the sanction in further detail because it should and will be the province of the district court to make findings as to which of the components of the defendants' submitted invoices were the result of a signing proscribed by Rule 11 and to impose a commensurate sanction. We are satisfied, based upon our review of the record and the language of Rule 11, that the district court's finding that all postverdict litigation was groundless cannot, at least without the benefit of additional findings and discussion by the district court, be upheld.
 
 
 24
 Accordingly, we vacate the Rule 11 award and remand for further proceedings on defendants' motion for Rule 11 sanctions consistent with what is set forth herein.
 
 
 25
 AFFIRMED IN PART; VACATED IN PART AND REMANDED.
 
 
 
 [1]
 The four dissenting members of the state board were unable to conclude that Introcaso had intended to steal the typewriter from the high school in light of evidence of a long-standing practice of allowing teachers to remove equipment from school premises and Introcaso's ready admission that the typewriter belonged to the school
 
 
 [2]
 The district court dismissed Introcaso's claim for abusive discharge prior to trial. The district court directed a verdict in favor of Cunningham on the claim of intentional infliction of emotional distress at the close of Introcaso's case
 
 
 [3]
 The district court had granted defendant's motion to compel Fallin to request additional portions of the transcript, but Fallin failed to comply with this order
 
 
 [4]
 Introcaso cites Haynie v. Ross Gear Division of TRW, Inc., 799 F.2d 237, 242 (6 Cir.1986) (per curiam) (suggesting that a case which is strong enough to withstand a motion for judgment at the conclusion of the plaintiff's case cannot be considered frivolous, unreasonable, or without foundation). The Supreme Court granted certiorari in Haynie, --- U.S. ----, 107 S.Ct. 1624, 95 L.Ed.2d 198 (1987), but later vacated the Sixth Circuit's decision as moot, --- U.S. ----, 107 S.Ct. 2475, 96 L.Ed.2d 368 (1987)
 
 
 [5]
 Introcaso testified that before the typewriter episode Cunningham had called him about the survey and had told him in effect to "watch your step." A. 375. Other witnesses testified that Cunningham was aware of the survey and distressed by it, but there was no further testimony suggesting that Cunningham was aware of Introcaso's role in the survey or harbored any personal animosity toward Introcaso
 
 
 [6]
 The district court did not, in its final order, assess Rule 11 sanctions for litigation prior to the jury verdict. See A. 773-74 (order entered April 3, 1987). However, in a prior memorandum and order, the district court granted Rule 11 sanction on the basis of "evidence available to counsel in this case before the amended complaint was filed which should have demonstrated to him that the plaintiff's claims were without legal or factual foundation." A. 765 (order entered March 10, 1986). Because the April 3, 1987 memorandum and order specifically states that Rule 11 sanctions were being imposed for unreasonable postverdict litigation, we do not think, contrary to defendants' suggestions, that the order can be fairly read as simply using postverdict litigation expenses as an ad hoc method for determining the magnitude of Rule 11 sanctions. We therefore proceed under the premise that Rule 11 sanctions were imposed for frivolous postverdict litigation, consistent with the second district court order. Our conclusion is buttressed by the district court's reassertion of postverdict proceedings as the substantive basis of its decision to impose sanctions when it denied Fallin's motion to alter or amend judgment. See A. 795-96