888 F.2d 1385
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Glen Marcus FALLIN, Petitioner.
 No. 89-1493.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 14, 1989.
Decided Oct. 10, 1989.
 
 Glen Marcus Fallin, appellant pro se.
 Before MURNAGHAN, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Glen M. Fallin, an attorney, brought this pro se petition for mandamus relief or in the alternative for a stay pending appeal of the district court's award of Rule 11 sanctions arising out of his representation of a civil rights plaintiff in a frivolous suit. See Introcaso v. Cunningham, 857 F.2d 965 (4th Cir.1988). This Court previously vacated the award of sanctions as overbroad and remanded to the district court for redetermination. After it explained the basis for its sanction award, the district court reinstated the original award.
 
 
 2
 Fallin's petition for a writ of mandamus striking the district court's sanction award is not well taken. First, mandamus may not be used as a substitute for appeal. In re United Steelworkers, 595 F.2d 958, 960 (4th Cir.1979). Further, and more important, mandamus is only available when no other form of relief could vindicate a petitioner's rights. In re Beard, 811 F.2d 818, 826 (4th Cir.1987). The appropriate form of relief in this case would be a motion for stay pending appeal.* Fed.R.App.P. 8(a).
 
 
 3
 Although a motion for stay pending review is the proper method for obtaining the relief sought by Fallin, we decline to grant Fallin's motion for stay contained in this mandamus petition. Fallin has failed to move for stay pending review in the district court, as is required prior to filing of such a motion in this Court except where impracticable. Fed.R.App.P. 8(a). It does not appear from the record that application to the district court would have been impracticable. Further, when such a motion is filed in this Court, it should be filed as part of the appeal rather than as part of a mandamus petition. Fed.R.App.P. 8(a); In re United Steelworkers, 595 F.2d at 960. However, the denial of this motion is without prejudice to Fallin's ability to file a similar motion with the district court and in his appeal.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not significantly aid in the decisional process.
 
 
 5
 DISMISSED.
 
 
 
 *
 We note that Fallin has appealed the order to this Court, but that the appeal has not yet been decided. No. 89-1723, filed April 14, 1989