888 F.2d 1385
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
In re Glen Marcus FALLIN, Appellant,
Alexander INTROCASO, Plaintiff-Appellant,
v.
Paul H. CUNNINGHAM, Board of Education of Dorchester County,
Philip L. Jones, Kathryne C. Holdt, Jay G. Harper,
T. Reynolds Carpenter, Defendants-Appellees.
 No. 89-1723.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 27, 1989.
Decided Oct. 11, 1989.
 
 Glen M. Fallin on brief for appellant and pro se.
 Richard M. Matthews, Francis B. Burch, Jr., Kurt J. Fischer, John A. Messina, Piper and Marbury, on brief for appellees.
 Before MURNAGHAN, SPROUSE, and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Alexander Introcaso and Glen M. Fallin appeal from the judgment of the district court imposing sanctions under Rule 11 of the Federal Rules of Civil Procedure as a result of their actions in Introcaso v. Cunningham, tried in the district court in 1984. Introcaso v. Cunningham, No. R-83-1328 (D.Md.1984).
 
 
 2
 In the first appeal we considered in this case, we affirmed the district court's dismissal of claims against school board members. Introcaso v. Cunningham, No. 84-1806 (4th Cir. Sept. 19, 1985) (unpublished). When a jury trial on Introcaso's claim against the county school superintendent ended in a verdict for the defendant, Introcaso and his attorney, Glen M. Fallin, appealed from the post-trial award of attorney fees and imposition of Rule 11 sanctions. We affirmed the award of attorney fees, but remanded the case to the district court for more detailed findings concerning the imposition of sanctions. Introcaso v. Cunningham, 857 F.2d 965 (4th Cir.1988).
 
 
 3
 In our remanding opinion we indicated that it was not possible to discern the basis for the sanctions. We were concerned that the sanctions might have been grounded on the actions of Introcaso and his attorney Fallin other than that of their signing of "the pleading, motion or other paper." We were particularly concerned that the district court might have based its decision to impose sanctions in part on post-verdict and appellate procedures.
 
 
 4
 On remand, the district court made findings as we directed. It stated:
 
 
 5
 The Court has reconsidered its award of fees against Fallin in light of the opinion of the Fourth Circuit. The Court finds that the signing and filing of the amended complaint which initiated plaintiff's lawsuit violated Rule 11.
 
 
 6
 In calculating the amount to be assessed by the sanction, the court stated:
 
 
 7
 If plaintiff was properly held responsible for 10% of defendants' fees for initiating a frivolous lawsuit, then Fallin, an attorney who is charged with knowledge of the laws and standards applicable to the lawsuit, is at least twice as culpable for pursuing the same lawsuit. The Court finds, therefore, that the Rule 11 award against Fallin should be 20% of the fees claimed, or $20,588.18. However, lest it be interpreted that this Court is punishing Fallin for exercising his right to appeal this Court's earlier orders, the Court will reduce the award to the amount previously awarded, or $18,558.85.
 
 
 8
 In determining the amount of this award, the Court has specifically excluded expenses incurred with respect to: (1) defendants' motion for attorneys' fees, and (2) all actions taken by defendants in response to plaintiff's appeal of this Court's order dismissing the claims against the County Board and its members, including the motion to consolidate the appeal from the award of fees with the appeal from the jury verdict. The $18,558.85 awarded hereby is far less than the total fees that, upon review of defendants' invoices, clearly resulted from or arose out of Fallin's signing and filing the amended complaint, including fees for discovery, pretrial motions and activity and the conduct of the trial itself.
 
 
 9
 As stated, we think the district court complied with our direction on remand. We also find no merit to the appellants' contentions that the district court's actions were precluded by either the doctrines of law of the case or res judicata. Likewise, there is no merit to appellants' other arguments.
 
 
 10
 The judgment of the district court is, therefore, affirmed. We dispense with oral argument because the facts and the legal contentions are adequately presented in the materials before us and because argument would not aid in the decisional process.
 
 
 11
 AFFIRMED.