45 F.3d 429
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Dennis E. YARRELL, Plaintiff-Appellant,
v.
Kenny SIMMONS; Clay Buck, Defendants-Appellees.
 No. 94-6329.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Nov. 22, 1994.
Decided: Dec. 29, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. W. Earl Britt, District Judge. (CA-91-411-5-CT-BR)
 Dennis E. Yarrell, Appellant Pro Se. Robert Harrison Sasser, III, WOMBLE, CARLYLE, SANDRIDGE & RICE, Raleigh, NC, for Appellees.
 E.D.N.C.
 AFFIRMED.
 Before HALL and HAMILTON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 Dennis E. Yarrell appeals the entry of judgment and award of attorney fees and costs against him in his 42 U.S.C. Sec. 1983 (1988), action against Deputies Kenny Simmons and Clay Buck of the Beaufort County Sheriff's Department. Yarrell claimed that Simmons used excessive force against him in an arrest and that Buck denied him medical care needed because of the assault. Both parties waived a jury, and a trial was held before the district court. The district court found for the deputies, and, holding that Yarrell's action was "frivolous and without merit and ... a part of a pattern of conduct of frivolous litigation by plaintiff," awarded Defendants costs and attorney fees. Yarrell appeals.
 
 I.
 
 2
 On appeal, Yarrell has moved for a transcript at government expense. As Yarrell is proceeding in forma pauperis on appeal, the government may provide a free transcript if it is determined that "the appeal is not frivolous (but presents a substantial question)." 28 U.S.C. Sec. 753(f) (1988). The appellant bears the burden of demonstrating that his appeal presents a substantial question. See Maloney v. E. I. Du Pont de Nemours & Co., 396 F.2d 939, 940 (D.C.Cir.1967), cert. denied, 396 U.S. 1030 (1970). We find no such substantial question in our review of the record and Yarrell's submissions to this Court. Therefore, we deny the motion.
 
 II.
 
 3
 Yarrell challenges the district court's judgment in favor of Defendants. In an action tried without a jury, the district court's findings can be set aside only if clearly erroneous. Fed.R.Civ.P. 52(a). When a trial court's ruling is based on his decision to believe the testimony of one witness over another, and the witness has told a plausible story not contradicted by external evidence, "that finding, if not internally inconsistent, can virtually never be clear error." Anderson v. Bessemer City, 470 U.S. 564, 575 (1985).
 
 
 4
 Yarrell's contentions on appeal amount to no more than a challenge to the district court's decision to accept Defendants' version of events rather than his own. We perceive no error which would undermine the district court's fact-finding, and therefore must affirm the judgment.
 
 
 5
 Although Yarrell does not specifically challenge the award of attorney fees against him pursuant to 42 U.S.C.A. Sec. 1988 (West Supp.1993), we conclude that the district court's finding of frivolity satisfies the standards of Hughes v. Rowe, 449 U.S. 5, 14-16 (1980); see Introcaso v. Cunningham, 857 F.2d 965, 967 (4th Cir.1988). Therefore, the fee award does not constitute an abuse of discretion. Id.
 
 
 6
 We affirm the judgment of the district court and deny Yarrell's Petition for Mandamus in which he requests preparation of a transcript at government expense. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 7
 AFFIRMED.