John McGLOTHLIN, Plaintiff,

v.

Edward MURRAY, et al., Defendants.

No. Civ.A. 93–0981–R.

United States District Court,
W.D. Virginia,
Roanoke Division.

May 5, 1997.

As Amended May 14, 1997.

John Patton McGlothlin, Bland, VA, for plaintiff.

Pamela Anne Sargent, Asst. Atty. Gen., Richmond, VA, Rosalie Pemberton, Timberlake, Smith, Thomas & Moses, Staunton, VA, for defendants.

## ORDER

MICHAEL, Senior District Judge.

United States Magistrate Judge B. Waugh Crigler filed a Report and Recommendation on April 10, 1997, recommending that $23,-825.76 in attorney's fees be assessed against plaintiff. The Magistrate declined, however, to impose Fed.R.Civ.P. 11 sanctions on plaintiff or to revoke plaintiff's *in forma pauperis* status. Defendants have filed no objection to the Magistrate's Recommendation. Plaintiff, on the other hand, vehemently objects; plaintiff does not contest the reasonableness of the fee award, but rather rehashes the merits of his case, upon which this court has already ruled. The court has conducted de novo review of the Magistrate's Report and Recommendation and finds that the Magistrate correctly assessed fees against plaintiff.

The court has been bombarded with motions from plaintiff. Should plaintiff disagree with the court's disposition of the case, his remedy is to appeal to the Fourth Circuit Court of Appeals. Cases such as this tend to submerge the truly meritorious claims made by prisoners. Accordingly, it is this day

## ADJUDGED AND ORDERED

as follows:

(1) Insofar. as the Magistrate recommends that fees be assessed against plaintiff in the amount of $23,825.76, the Magistrate's recommendation shall be, and it hereby is, adopted.

(a) Insofar as the Magistrate recommends that fees be assessed against plaintiff in the amount of $ 4,893.49, the Magistrate's recommendation shall be, and it hereby is, adopted.

(2) Plaintiff's objections shall be, and they hereby are, overruled.

(3) Plaintiff's motion for a hearing shall be, and it hereby is, denied.

(4) This case shall be, and it hereby is, dismissed and stricken from the docket of this court.

The Clerk of the Court is hereby directed to send a certified copy of this Order to all counsel of record, to pro se plaintiff, and Magistrate Judge B. Waugh Crigler.

## REPORT AND RECOMMENDATION

CRIGLER, United States Magistrate Judge.

This action once again is before this court on the February 27, 1997 motions of James Roepke and the other state defendants for attorneys' fees and costs under 42 U.S.C. § 1988. Roepke seeks the award of $4,893.49 and the other defendants seek $23,-825.76.[1] In addition, the state defendants ask the court to sanction plaintiff under Rule 11 with a $1,500 mandatory penalty and an injunction barring further access under 28 U.S.C. § 1915. For reasons stated below, it is RECOMMENDED that: (1) the presiding court award attorney fees and costs totaling $28,719.25; (2) presiding court deny Rule 11 monetary sanctions; and (3) the court deny defendants' request to revoke plaintiff's *in forma* pauperis (IFP) status.

## BACKGROUND

John McGlothlin is a seasoned jail house lawyer, who has litigated or is currently litigating at least 20 cases in state and federal courts. He instituted this action against numerous state institutional defendants and a volunteer chaplain, James A. Roepke, alleg-

---

**1.** Plaintiff has not challenged the reasonableness of costs and fees claimed by defendants based on affidavits from their attorneys.

ing, as a Muslim, denial of First Amendment freedoms. Plaintiff's claims narrowly escaped summary judgment and after two days of trial plenary hearing, this court recommended that judgment be entered in favor of all defendants. *McGlothlin v. Murray, et al .*, Civil Action No. 93–0981–R, Report and Recommendation at 47 (W.D .Va. January 28, 1997). On February 13, 1997, the presiding District Judge adopted this court's Report and Recommendation and entered judgment in accordance therewith.

Defendants base their request on what they offer as the meritlessness of all plaintiff's claims, and his failure to show any injury to himself. Moreover, they point to the fact that, as a "seasoned litigator," plaintiff knew or should have known that his claims could not survive judicial scrutiny, but that he persisted at great expense to the Commonwealth, Chaplain Roepke, and the court.

## DISCUSSION

■ It is established in this circuit that indigent plaintiffs, by that fact alone, are not shielded from an award of fees and costs should they not prevail on their § 1983 claims. *Flint v. Haynes,* 651 F.2d 970 (4th Cir.1981), *cert. denied,* 454 U.S. 1151, 102 S.Ct. 1018, 71 L.Ed.2d 306 (1982). There is also no requirement that the court find that the claim, at the outset, was "frivolous, unreasonable, or groundless," only that the "plaintiff continued to litigate after it clearly became so." *Hutchinson v. Staton,* 994 F.2d 1076, 1080 (4th Cir.1993); quoting *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 422, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).[2] *See also Introcaso v. Cunningham,* 857 F.2d 965 (4th Cir.1988).

Plaintiff opposes defendants' motions on the grounds that defendants' assertions are inflammatory and without merit, and because he believes that his claims were not frivolous or an abuse of the court's process. He ar-

gues that the authorities cited by defendants are all claims found frivolous and brought by plaintiffs who had previously filed frivolous actions. Therefore, he believes they should be distinguished from his case. Plaintiff somehow reasons that because none of his previous cases have been found frivolous, he is not subject to an award against him. This logic is erroneous for the very reason that the defendants do not ask the court to rule on the legal frivolousness of plaintiff's other cases, only *this* one. Moreover, they ask the court to consider other factors in determining whether to award fees and costs against this *pro se* plaintiff.[3]

■ Essentially, there are two historical factors in this litigation that merit consideration. They provide the basis for the court's decision here. First, plaintiff clearly knew from early on in this case that Roepke would not likely be found a "state actor", a requisite for a § 1983 case. It was virtually impossible for plaintiff to have demonstrated that because, in the current church-state environment, Roepke was not performing a "traditional government function." *Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982). Moreover, the one federal court in Virginia to have addressed the issue, laconically disposed of it adverse to plaintiff's contentions here. (*Simpson v. Dent, et al.,* Civil Action No. 2:95cv770, Order Staying Discovery (E.D.Va January 22, 1997)). That (then upcoming) decision was brought to plaintiff's attention at the motions stage of these proceedings.

More importantly, it is crystal clear in this court's mind that plaintiff was attempting every way possible to assert derivative claims on behalf of other inmates while at the same time having suffered no constitutional damage himself. Both District Judge and this court continually had to reign in plaintiffs attempts to assert derivative claims on behalf

---

2. The standard enunciated by the Supreme Court in Christiansburg initially applied only to § 706(k) of Title VII of the Civil Rights Act of 1964. However, the Court later applied this same standard to cases under § 1988 in *Hughes v. Rowe,* 449 U.S. 5, 14-15, 101 S.Ct. 173, 66 L.Ed.2d 163 (1980) (per curiam) (cited in*Hutchinson v. Staton,* 994 F.2d at 1080 n. 2).

3. Plaintiff also claims this court flatly refused to grant defendant Roepke's motion for attorney fees at trial. This court declined to consider that issue *at that time* and no more, and denied the defendant's motion *without prejudice.*

of other inmates belonging to the Muslim Community. While plaintiff's efforts on the pleadings and other papers appeared to generate material factual issues on his individual claims, the evidence actually never supported them, nor could it have done so if truly revealed before trial.

To put it another way, plaintiff's characterization of the facts for pleading purposes never had true factual underpinnings for any claim that was personal to him. When the dust of the pleadings settled, and plaintiff's prolix pleadings were replaced by the evidence, his allegations were substantively hollow.

In sum, this court is convinced that the *only* reason this case proceeded to trial was because plaintiff offered things to be so in pleadings that were incapable of proof in fact. That is exactly what the defendants have suggested to the court from the outset, but they were unable to prove it short of presentation of the truth in open court. In other words, plaintiff knew, but was unwilling to accept, the objective facts which belied any claim personal to him. He should be required to face the consequences of that unwillingness because it resulted in tremendous costs and expenses to the other side.

Concluding that plaintiff's claims were both meritless in fact, and that he pursued the litigation knowing that this was the case, but refusing to accept it as true, this court RECOMMENDS that the presiding judge award attorneys' fees and costs to defendants in the amounts requested as the reasonableness of the amounts are unchallenged.

By the same token, this court does not believe a Rule 11 monetary sanction is in order. Moreover, this court believes that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(d), will go a long way toward reducing frivolous claims by the plaintiff in this and other federal courts, and, therefore, no further injunctive action against him is recommended.

Accordingly, it is

## RECOMMENDED

that an order enter: (1) granting defendants' February 27, 1997 motions for fees and costs in the sum of $28,719.25; (2)denying the defendant's motion for Rule 11 sanction; and (3) denying defendants' motion to revoke plaintiff's IFP status, all to be entered as part of the judgment against plaintiff in this case.

The Clerk is directed immediately to transmit the record in this case to the Hon. James H. Michael, Jr., U.S. District Judge. Both sides are reminded that Rule 72(b) entitles them to note any objections they may have to this Report and Recommendation with ten days of entry. Any determinations of fact or conclusions of law rendered herein by the undersigned not specifically objected to by the parties pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such an objection.

The Clerk is directed to send a certified copy of the Report and Recommendation to plaintiff and all counsel of record.