**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

RANSOM J. DAVIS, Esq.,
Appellant,

EDWARD LARRY COATES,
Plaintiff-Appellant,

v.                                                              No. 96-2154

UNITED PARCEL SERVICE,
Defendant-Appellee.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Frederic N. Smalkin, District Judge.
(CA-96-408-S)

Submitted: September 9, 1997

Decided: November 5, 1997

Before WILKINS, HAMILTON, and LUTTIG, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Ransom J. Davis, DANEKER, MCINTIRE & DAVIS, P.C., Balti-
more, Maryland, for Appellants. Emmett F. McGee, Jr., Patricia A.
Sumner, PIPER & MARBURY, L.L.P., Baltimore, Maryland, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

## OPINION

PER CURIAM:

Appellant Edward Larry Coates appeals from the district court's order granting summary judgment in favor of United Parcel Service, Inc. ("UPS") and dismissing his civil complaint alleging defamation, false imprisonment, intentional infliction of emotional distress, abuse of process, and negligent investigation. Coates' counsel also appeals the imposition of Rule 11[1] sanctions. On appeal, Coates challenges whether summary judgment was appropriate, whether the district court abused its discretion by denying his request for additional discovery and by imposing sanctions on counsel, and whether the district judge should have recused himself. Finding no reversible error, we affirm.

Coates joined UPS in 1991 as an at-will employee. In November 1994, Coates' former roommate, Brian McElroy, contacted UPS loss prevention personnel and informed them that Coates bragged about stealing property from UPS and that he had seen some of the stolen items in Coates' apartment. UPS investigators interviewed McElroy, who provided a written statement. Investigators were able to determine that at least five of the items identified by McElroy were last accounted for on a Friday before Coates' Saturday shift and that some of the items were last seen on delivery trucks parked near the truck Coates drove.

Armed with this information, investigators interviewed Coates and his girlfriend, who was also a UPS employee and alleged to be an accomplice. Both denied stealing UPS property. Coates was suspended shortly after the interview pending the results of the investigation. UPS investigators turned the case over to local police for an independent investigation. The police interviewed Coates and eventu-

_____

[1] Fed. R. Civ. P. 11.

ally obtained a search warrant for his apartment. Police were unable to find any stolen items in Coates' apartment, and he was reinstated within approximately one week of his suspension with no loss of pay or benefits.

Coates filed the instant action, alleging that UPS defamed him by letting it be known at work and in his apartment complex that he was suspected of theft, that he was the victim of false imprisonment during the interview with UPS loss prevention investigators, that he suffered severe emotional distress as result of Defendant's actions, that Defendant abused the legal system by making false representations to the police which resulted in the issuance of a search warrant, and that Defendant was negligent in its investigation of his case. After taking Coates' deposition, Defendant filed a motion for summary judgment, asserting that Coates failed to present any evidence to support his allegations. The district court granted Coates' request to defer responding to the motion until after the discovery period expired. However, the court warned Coates that no additional extensions would be granted and that the court would consider imposing Rule 11 sanctions if the Defendant was entitled to summary judgment based on the evidence at the time of the motion.

Despite the court's warning, Coates failed to file a timely response to the motion for summary judgment. While the district court filed an order striking Coates' response, it nevertheless considered the response in ruling on the motion for summary judgment. The court also ordered Coates to show cause why Rule 11 sanctions should not be imposed. After receiving responses from both parties and holding a hearing, the district court imposed sanctions on Coates' counsel in the amount of $500.

We find that the district court properly granted the Defendant's motion for summary judgment. Under Fed. R. Civ. P. 56(e), Coates "must set forth specific facts showing that there is a genuine issue for trial." Moreover, conclusory allegations or hearsay are insufficient to withstand a motion for summary judgment. Evans v. Technologies Applications & Serv. Co., 80 F.3d 954, 962 (4th Cir. 1996). In the present case, Coates was unable to present any evidence to support his allegations.

3

With regard to Coates' defamation claim, we find that he failed to present any evidence of defamatory communication to a third party. No one testified that they were told Coates was a thief or was suspected of theft. Coates' allegation of false imprisonment is likewise without merit. While Coates asserts in his affidavit opposing summary judgment that he was denied freedom of movement during his interview with UPS investigators, this contradicts his prior deposition testimony. The district court properly held that such a contradiction cannot create a genuine issue of material fact. See Barwick v. Celotex Corp., 736 F.2d 946, 960 (4th Cir. 1984). We find that the district court correctly determined that Coates failed to present sufficient evidence of severe emotional distress, and we further find that Coates failed to show that the Defendant's conduct was extreme or outrageous.[2] Coates' abuse of process claim fails because he did not show that the Defendant had an ulterior motive or wilfully engaged in actions not contemplated by law.[3] The search warrant in this case was issued after an independent investigation by local police, and Coates failed to show any actions by the Defendant which exceeded the bounds of a normal loss prevention investigation. Finally, we find that the district court properly granted summary judgment on Coates' allegation of negligent investigation because Maryland courts have rejected this cause of action.[4]

We review the district court's decision denying additional time for discovery for an abuse of discretion. Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc., 43 F.3d 922, 929 (4th Cir. 1995). We find no such abuse here. The district court properly found that Coates had ample opportunity to schedule the requested depositions, and he provided no excuse for failing to do so.

_____

[2] **See Harris v. Jones**, 380 A.2d 611 (Md. 1977). Coates' reliance on B.N. v. K.K., 538 A.2d 1175 (Md. 1988), is misplaced. In that case, the court found that severe emotional distress could be inferred because of the outrageousness of the defendant's conduct (i.e., knowingly transmitting a venereal disease). Since we find no such outrageous conduct in the present case, such an inference would be inappropriate.

[3] **See Palmer Ford, Inc. v. Wood** , 471 A.2d 297, 310 (Md. 1984).
[4] **See Bagwell v. Peninsula Reg'l Med. Ctr.**, 665 A.2d 297, 321 (Md. Ct. Spec. App. 1995), cert. denied, 669 A.2d 1360 (Md. 1996).

We also review the district court's decision to impose sanctions for abuse of discretion. Introcaso v. Cunningham, 857 F.2d 965, 969 (4th Cir. 1988). We find that the district court did not abuse its discretion when it rejected Coates' reasons for opposing sanctions. We find Coates' jurisdictional objection meritless. Counsel was not held accountable for pleadings filed initially in state court; he was sanctioned for his opposition to Defendant's motion for summary judgment, which was filed in the district court. Coates' assertion that his claims were supported by the evidence or could be supported if given more time for discovery fails for the reasons discussed above. Moreover, while it is acceptable for counsel to make a good faith argument for a change in the law, we find that counsel's conduct in the present case was sanctionable because it flew in the face of clearly established precedent. Finally, contrary to Coates' allegation that the majority of his claims were valid, the district court properly found three of the five counts frivolous, and counsel was sanctioned only for those frivolous counts.

We reject Coates' contention that the district judge should have recused himself from the case prior to the sanctions phase because the judge was biased against him. Recusal is a drastic remedy and is usually reserved for those cases in which the aggrieved party shows that the bias derived from an extrajudicial source. See United States v. Gordon, 61 F.3d 263, 267-68 (4th Cir. 1995). There may be rare cases where the judge exhibits manifest prejudice and antagonism against a party and there is no extrajudicial source. See Liteky v. United States, 510 U.S. 540, 554-56 (1994). Coates contends that his case falls into the latter category because of the court's imposition of a $500 sanction. However, the Supreme Court held in Liteky that adverse judicial rulings are seldom proof of bias, and Coates provides no other evidence to support his allegation.

We therefore affirm the district court's orders granting the Defendant's motion for summary judgment and imposing Rule 11 sanctions on counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

AFFIRMED