Peter GOLDSTEIN, et al., Plaintiffs,

v.

COSTCO WHOLESALE
CORP., Defendant.

No. CIV.A.02–1520–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

June 16, 2004.

Joseph E. Kolick, Carmela N. Edwards, Dickstein Shapiro Morin & Oshinsky LLP, Lois G. Williams, Reed Colfax, Eliza T. Platts–Mills, Washington Lawyers' Committee for Civil Rights & Urban Affairs, Washington, DC, for Plaintiffs.

Charles A. Valente, Eli Rollman, Krasnow Saunders Cornblath, LLP, Chicago, IL, John C. Scalia, Timothy C. Bass, Greenberg Traurig LLP, McLean, VA, for Defendants.

### OPINION & ORDER

DOUMAR, District Judge.

The parties in the above matter came before the Court for argument on May 18, 2004 on Defendant's Motion for Award of Attorney's Fees and on Defendant's Bill of Costs. Defendant's Bill of Costs is addressed in a separate Opinion and Order. This Opinion and Order addresses Defendant's Motion for Award of Attorney's Fees.

## I. Factual and Procedural Background

Plaintiff Peter L. Goldstein ("Mr.Goldstein") is a resident of Arlington, Virginia. Mr. Goldstein suffers from epilepsy and takes prescription medication to help control his epileptic seizures. He filled his prescriptions at a Costco store located in Arlington, Virginia ("Pentagon City Costco"). Mr. Goldstein allegedly suffered epileptic seizures inside the Pentagon City Costco and also demonstrated a history of outrageous behavior within the store. The Pentagon City Costco eventually issued Mr. Goldstein a notice that he was not allowed back on the premises of the Pentagon City Costco.

Joining Mr. Goldstein as a Plaintiff in this case is the Disability Rights Council of Greater Washington (the "DRC"). The DRC is a non-profit corporation authorized to bring suit in a representative capacity on Mr. Goldstein's behalf. Linda L. Royster is the Executive Director of the DRC, and she is the organization's only paid employee. As an attorney, Ms. Royster has an understanding of litigation, and the ramifications that flow from it.

Mr. Goldstein and the DRC sued Costco Wholesale Corporation ("Costco") for (1) violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12182; (2) violation of the Rehabilitation Act, 29 U.S.C. § 794; (3) the common law tort of false imprisonment; and (4) the common law tort of intentional infliction of emotional distress. After hearing the matter, and upon the verdict of a jury for Defendant, this Court entered a final judgment on July 23, 2003 that: (1) Plaintiffs take nothing, (2) the action be dismissed on the merits, and (3) Defendant recover its costs

from Mr. Goldstein. On August 5, 2003, the Court amended its July 23, 2003 Judgment to reflect that Defendant may recover its costs from both Mr. Goldstein and the DRC.

On August 22, 2003, Defendant filed a Motion for Award of Attorney's Fees as a Prevailing Party and accompanying memorandum, pursuant to 42 U.S.C. § 12205. On September 9, 2003, the Plaintiffs filed an Opposition to Defendant's Motion for Award of Attorney's Fees. On September 16, 2003, Defendant filed its Brief in Support of Its Motion for Attorney's Fees. On November 6, 2003, Plaintiffs filed a Motion for Leave to File Supplemental Memorandum Addressing Newly Decided Authority in Support of Its Opposition to Defendant's Motion for Award of Attorney's Fees, and an accompanying Supplemental Memorandum. On November 18, 2003, Defendant filed a Motion for Leave to File Reply to the Disability Rights Council's Supplemental Memorandum Addressing Newly Decided Authority, and an accompanying Supplemental Reply in Support of its Motion and Addressing Newly Decided Authority. After the hearing on this matter on May 18, 2004, the Defendant's Motion for Award of Attorney's Fees as Prevailing Party is ripe for review.

## II. Legal Analysis

 Normally, a prevailing party in an action under civil rights statutes is not entitled to an award of attorney's fees, except in extraordinary circumstances. *Hensley v. Eckerhart,* 461 U.S. 424, 429, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). However, Title VII, 42 U.S.C. § 2000e–5(k) provides that "in any action of proceeding under this title [42 U.S.C. § 2000e et seq.], the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee (including expert fees) as part of the costs . . . ." 42 U.S.C. § 2000e–5(k). According to the Supreme Court of the United States, this means that attorney's fees may be awarded to the prevailing defendants in a Title VII case upon a finding that the plaintiff's action was "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg Garment Co. v. EEOC,* 434 U.S. 412, 421, 98 S.Ct. 694, 54 L.Ed.2d 648 (1978).

Pursuant to 42 U.S.C. § 12205, Defendant argues that this case presents the requisite extraordinary circumstances, and moves this Court, in its discretion, for an award of attorney's fees, including litigation expenses, because (1) the DRC failed to conduct a proper and reasonable pre-filing inquiry into the facts of the matter before bringing suit; (2) the DRC's conduct justifies an award of attorney's fees; and (3) the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit") precedent supports awarding prevailing defendants attorney's fees for groundless or unreasonable civil rights claims. D's Memo. in Support of Award of Atty's Fees *passim.* Plaintiffs argue that Defendant's request for attorney's fees should be denied, and Defendant's alleged mischaracterization of the DRC and its work on behalf of individuals with disabilities should be corrected. P's Opposition to D's Mot. for Award of Atty's Fees at 2.

### A. Failure to conduct a proper and reasonable pre-filing inquiry

 First, Defendant argues that it is entitled to an award of attorney's fees because the DRC failed to conduct a proper and reasonable pre-filing inquiry into the facts of this case before bringing suit, pursuant to Rule 11 of the Federal Rules of Civil Procedure. Rule 11 requires all attorneys to make reasonable inquiry into whether the factual contentions being made have evidentiary support, and pro-

vides that sanctions may be imposed for failure to do so. Fed.R.Civ.P. 11(b). Furthermore, what constitutes a reasonable pre-filing investigation is judged by an objective standard, not by Plaintiff's subjective determination. *In re Kunstler*, 914 F.2d 505, 514 (4th Cir.1990). Defendant asserts that the DRC did not consult with any source other than Mr. Goldstein himself before recommending that the DRC join Mr. Goldstein in his suit. Defendant alleges that had an investigation occurred, the DRC would have (1) discovered Mr. Goldstein was asked not to return to the Pentagon City Costco due to his direct threats of violence against others, (2) realized that Mr. Goldstein's claims were groundless, and (3) reconsidered bringing the litigation. D's. Memo. in Support of D's Mot. for Award of Atty's Fees at 2–4, 8–10.

The DRC states that the Executive Director of the DRC, Ms. Royster, met with Mr. Goldstein several times before recommending to the DRC's Board of Directors that the DRC join Mr. Goldstein as a co-plaintiff in his lawsuit against Defendant. The DRC further asserts that Ms. Royster also interviewed two witnesses: (1) Elfie Sande, a friend of Mr. Goldstein who said she had witnessed Costco employees being rude and unfriendly to Mr. Goldstein, and (2) Officer Richard St. Clair of the Arlington County Police Department. P's Opposition to D's Mot. for Award of Atty's Fees at 3–5. On this basis, the DRC concluded that Defendant's contention that Mr. Goldstein was banned from the Pentagon City Costco because he posed a direct threat of violence to Costco employees and customers was not credible. *Id.* at 3. The DRC also asserts that, after the suit was filed, the DRC did review documents which Defendant argues would have influenced the DRC not to file the suit, but upon the DRC's review of the documents, the DRC "made the determination that Mr. Gold-

stein's version of the events was more credible" than Defendant's version of the events. *Id.* at 6. In short, the DRC asserts that helping Mr. Goldstein in the pursuit of his ADA claim was not unreasonable, frivolous, or groundless, either at the start of litigation or at any other time, and the DRC should not have to pay Defendant's attorney's fees. *Id.* at 1–2; P's Supp. Memo. at 2 (citing *Sanglap v. La-Salle Bank, FSB*, 345 F.3d 515 (7th Cir. 2003) (wherein a court of appeals affirmed the district court's denial of defendant's motion for award of attorney's fees because the district court found that an epileptic plaintiff's ADA claim against a bank that banned him was not unreasonable)).

Defendant responds that, at trial, and during deposition, Ms. Royster explained that, had she known prior to filing suit about all the Costco employees who would testify to Mr. Goldstein's threatening behavior, it would have affected her decision to recommend filing suit. D's Reply in Support of Mot. for Atty's Fees at 7 (citing Royster Testimony at 28; Royster Dep. at 103). Defendant also argues that *Sanglap* is not relevant because, in that case, the United States Court of Appeals for the Seventh Circuit ("Seventh Circuit") held that a federal district court did not abuse its discretion in denying the defendant's request for attorney's fees. 345 F.3d at 520. Defendant asserts that, since the standard in the case before the appellate court is "abuse of discretion," any district court decision on the award of attorney's fees would be unlikely to be overturned, regardless of how the district court ruled. Defendant further asserts that *Sanglap* is only superficially similar to the case before the Court because in the case before this Court, the jury determined Mr. Goldstein was banned from the Pentagon City Costco for his history of violent and threaten-

ing behavior in the store, not for his epilepsy.

■ After hearing from the parties at the hearing on May 18, 2004, the Court finds Defendant's arguments that the DRC did not conduct a reasonable pre-filing inquiry into the facts of this case to be persuasive. Plaintiffs did not mention at trial that Plaintiffs had interviewed Ms. Sande and Officer St. Clair, but brought these interviews to the Court's attention for the first time during the present proceedings for attorney's fees and costs. Defendant presented many Costco employees as trial witnesses who testified that Mr. Goldstein was given special treatment and free drugs, and that he was banned from the Pentagon City Costco solely due to his outrageous conduct towards others. The Court finds that a reasonable pre-filing inquiry by the DRC would have revealed these witnesses; moreover, the DRC admits that prior knowledge of these witnesses would have affected the DRC's decision to bring suit. D's Reply in Support of Mot. for Atty's Fees at 7. Accordingly, the Court finds that the DRC failed to conduct a proper and reasonable pre-filing inquiry in this case.

## B. Standard of professional conduct

Second, Defendant argues that the DRC's conduct justifies an award of attorney's fees in this case. Defendant alleges that the DRC turned a blind eye to the merit of Mr. Goldstein's claims in this matter because the DRC saw Mr. Goldstein's suit as a "vehicle for forcing a quick settlement to maintain [the DRC's] funding," and brought the lawsuit for this purpose. D's Memo. in Support of D's Mot. for Award of Atty's Fees at 8. Defendant further asserts that Defendant was subjected to adverse publicity when the DRC published Mr. Goldstein's contentions of Defendant's wrongdoings that and Defendant

suffered great expense defending its name as a result. D's Reply in Support of Mot. for Atty's Fees at 2.

The DRC asserts that it joined˙ Mr. Goldstein as a co-plaintiff for the primary purpose of seeking injunctive relief for Mr. Goldstein; namely, to implement a training program to increase awareness and understanding among Costco employees about individuals with disabilities and their rights under federal and local law. P's Opposition to D's Mot. for Award of Atty's Fees at 4. The DRC further argues that Mr. Goldstein would have been able to file his claim without the participation of the DRC, and the decision to go forward with the suit may have happened anyway, even if the DRC was not involved. *Id.* at 8. In short, the DRC asserts that it was not the essential, driving party behind the suit and reminds the Court that the DRC initially sent a demand letter to Defendant to recover compensatory damages and attorney's fees on behalf of Mr. Goldstein, not on behalf of the DRC. *Id.* at 9. The DRC insists that, throughout the case, the only compensation it has sought has been $8,500.00 to compensate Ms. Royster for the time she spent assisting Mr. Goldstein. *Id.* In short, the DRC insists that seeking money for itself was not the DRC's primary reason for participating in the lawsuit. *Id.* at 10. The Court, however, finds to the contrary.

■ After argument from the parties on May 18, 2004, the Court finds that the DRC's standard of professional conduct in this case was deficient. The DRC published Mr. Goldstein's meritless contentions of Defendant's wrongdoing, causing harm to Defendant's name, and demanded immediate settlement from Defendant in the amount of $200,000.00, some of which would fund the DRC's organization and Ms. Royster's salary. The DRC admitted at trial that at least 80% of the DRC's

revenue results or derives from demands made and settlement offers like the DRC initiated against Costco. In this case, Defendant offered to toll Plaintiffs' statute of limitations to file suit in this case, so that Plaintiffs could conduct a more thorough pre-filing inquiry. Ms. Royster, the only paid employee of the DRC and a lawyer who has practiced in Virginia and the District of Columbia, rejected Defendant's offer.

Where the primary source of revenue for an organization derives from threatening or maintaining lawsuits, there would appear to be, at a minimum, a dual motive in making such demands. The facts of this case indicate to the Court that the DRC was more interested in attaining a settlement check from Defendant than in ensuring Defendant's awareness and understanding about individuals with disabilities and their rights under federal and local law and in conducting a reasonable pre-filing inquiry into the matter. Accordingly, the Court finds the behavior of Ms. Royster and the DRC beneath the standards of professional conduct that the Court expects from experienced litigants and attorneys before the Court.

## C. Awarding attorney's fees for unreasonable civil rights claims

Third, Defendant argues it is entitled to an award of attorney's fees under Fourth Circuit precedent that supports awarding prevailing defendants attorney's fees for groundless or unreasonable civil rights claims. *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir.1993) ("the reality that defendants were forced for several years, and at great expense, to fend off a claim that proved to be factually baseless [made p]laintiffs properly liable for fees"); *id.* ("When a court imposes fees on a plaintiff who has pressed a 'frivolous claim,' it chills nothing that is worth encouraging."); D's Memo. In Support of D's Mot. For Award of Atty's Fees at 8–10.

Plaintiffs assert that, since this Court's July 21, 2003 Memorandum Opinion allowed the case to proceed for a jury's determination, this Court must have felt that "a reasonable trier of fact could find for the Plaintiffs on their claims under the ADA and the Rehab[ilitation] Act," and thus, the matter was not frivolous, groundless, or unreasonable. P's Opposition to D's Mot. for Award of Atty's Fees at 7, 11, and 13. Defendant asserts, however, that a plaintiff's claim may be frivolous, even where the claim survives long enough to go to a jury, as "it may sometimes be necessary for defendants to 'blow away the smoke screens the plaintiffs have thrown up' before the defendants may prevail." *Hutchinson*, 994 F.2d at 1081 (citing *Introcaso v. Cunningham*, 857 F.2d 965, 967 (4th Cir.1988)). Defendant argues that, in denying summary judgment, the Court could have found that Mr. Goldstein's threatening behavior was a symptom of his epilepsy. *See* Court's July 21, 2003 Memorandum Opinion at 4–5. However, at trial, Plaintiffs "did not even hint at such an argument." D's Reply in Support of Mot. for Atty's Fees at 10. Therefore, Defendant asserts, and the Court agrees, that such an argument deserves no credence now.

After the hearing on May 18, 2004, the Court is of the opinion that because the DRC is an organization dedicated to litigation, the DRC has a higher duty to conduct a proper and reasonable pre-filing inquiry than that of a plaintiff who is not dedicated to litigation, especially when the DRC's only paid employee is an attorney. In this case, the DRC (1) sent a settlement demand for $200,000.00 to Defendant threatening litigation; (2) rejected Defendant's offer to toll the statute of limitations to allow the DRC to conduct further investi-

gation that the DRC admits would have affected the DRC's decision to bring suit; and (3) offered testimony from Mr. Goldstein at trial that was tremendously varied and inconsistent. Moreover, it appears to the Court that Mr. Goldstein had benefited from his association with Costco and had not been maligned. Based on these facts, the Court finds that the DRC did not conduct a pre-filing investigation sufficient to fulfill the obligation of the DRC in this case. While Plaintiffs' lawsuit may not have been frivolous, an investigation would have revealed that Plaintiffs' civil rights claim was brought unreasonably because there was no merit to Mr. Goldstein's claim that he suffered discrimination at Costco due to his epilepsy.

In short, it is the opinion of the Court that: (1) the DRC failed to conduct a proper and reasonable pre-filing inquiry into the facts of this case before bringing suit, and (2) given the heightened obligations of the DRC to the Court as an organization that specializes in litigating on behalf of the disabled, and funding itself thereby, the DRC's failure to conduct a reasonable pre-trial investigation in this matter justifies the award of Defendant's attorney's fees in this case.

### III. Conclusion

For the aforementioned reasons, the Court **GRANTS** Defendant's Motion for Award of Attorney's Fees as Prevailing Party and **AWARDS** Defendant its attorney's fees in this case. The Defendant is entitled to an award of its attorney's fees because the DRC failed to conduct a reasonable pre-filing investigation of the factual bases underlying the claim, and the DRC's standard of conduct was deficient in allowing a civil rights claim to be filed unreasonably. *See Christiansburg Garment Co.*, 434 U.S. at 412, 98 S.Ct. 694 (allowing the award of a prevailing defendant's attorney's fees for groundless or unreasonable civil rights claims).

Accordingly, the Court hereby **ORDERS** the Disability Rights Council of Greater Washington to compensate Defendant for reasonable attorney's fees resulting from Plaintiffs' lawsuit while taking into consideration the DRC's financial situation. The Court does not find Mr. Goldstein liable for Defendant's attorney's fees, nor does the Court hold Mr. Goldstein responsible, because Mr. Goldstein is not an attorney, nor an experienced litigator as is the DRC. Mr. Goldstein turned to the DRC for legal help and advice in this matter. The failure to conduct a reasonable pre-filing investigation was the DRC's failure, not that of Mr. Goldstein.

The Defendant is to submit an itemized list of attorney's fees to the Court, along with accompanying affidavits, demonstrating that Defendant's fees were reasonable and necessarily incurred in connection with representation of the Defendant as a result of Plaintiffs' lawsuit within twenty-one (21) days of the date of this Order. The DRC thereafter has twenty-one (21) days within which to file any objection to Defendant's attorney's fees and to set forth the DRC's economic status so as to enable the Court to award attorney's fees that are not confiscatory.

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record.

**IT IS SO ORDERED.**